UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSSMAN SALES COMPANY, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　- against -<br><br>VWR INTERNATIONAL, LLC,<br><br>　　　　　　　　Defendant. | No. 20-CV-2869 (KPF)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

　　　　This Stipulation (the "Stipulation" or "Order") is entered into by and among the undersigned counsel, acting for and on behalf of their respective clients, plaintiff Sussman Sales Company, Inc. ("Sussman" or "Plaintiff") and VWR International, LLC ("VWR" or "Defendant") in the above-captioned proceeding (the "Proceeding").  Sussman and VWR are each referred to as a "Party" and collectively as the "Parties".  The term "Party" as used in this Agreement includes counsel for the Party.

　　　　WHEREAS, the Parties have entered into this Stipulation and agreed that they, as well as their officers, directors, attorneys (including in-house and outside counsel), successors, representatives, administrators, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and/or other persons or organizations over which they have control, are bound by its terms;

　　　　NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:[1]

---

[1] This Stipulation and (proposed) Order is being submitted in accordance with the Case Management Plan entered by the Court on January 24, 2022 (ECF No. 50), as extended by Court order on February 24, 2022 (ECF No. 52).

1. All documents produced in discovery (including electronically stored information) and identified as Confidential, including, where so designated, all information in Initial Disclosures, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all portions of deposition or other testimony of witnesses, all deposition exhibits, and other information, including all copies, excerpts, and summaries thereof (individually or together, the "Confidential Discovery Materials") produced, obtained, or filed in the Proceeding, whether by the Parties or a nonparty, may be used solely for purposes of the Proceeding, except as otherwise provided for in this Stipulation and under no circumstances, other than use in this Proceeding, shall such Confidential Discovery Materials be used for any other purpose, including commercial, business, competitive, or other purposes. Consistent with the above, no Confidential Discovery Materials may be disclosed or otherwise made available, directly or indirectly, to third parties other than those described in Paragraphs 3 and 4 of this Order. This provision is subject to the provisions of Paragraph 11.

2. Any Party or nonparty producing Confidential Discovery Materials in this Proceeding (a "Producing Person") may designate any Discovery Material that the Producing Person and her or its counsel certify in good faith constitutes or contains trade secrets or confidential, research, development or commercial information, and/or private, financial, proprietary, personal and/or business information of the Parties or nonparties ("Confidential Information") (such a designation shall be evidence of the certification required), as "Confidential Discovery Material" as follows:

> a. Documents may be designated as Confidential Discovery Material by (i) affixing a "CONFIDENTIAL" legend on the document or material containing such information and upon each page thereof so designated if

       practicable, or, in the case of documents produced electronically in their native format, affixing a "CONFIDENTIAL" legend on the single-page placeholder corresponding to such document; and (ii) designating the document as "Confidential" in the confidentiality metadata field for such document.

b.    Written discovery responses may be designated as Confidential Discovery Material by affixing a "CONFIDENTIAL" legend on the document or material containing such information and upon each page thereof so designated if practicable.

c.    With respect to magnetic disks or other computer-related or electronic media, designations shall be made by labeling each disk "CONFIDENTIAL" prior to production.  In the event that anyone other than the Producing Person generates a "hard copy" or printout from any disk so designated, each page of the hard copy or printout must be treated as Confidential Discovery Material pursuant to the terms of this Order.

d.    Deposition or other testimony may be designated as Confidential Discovery Material by making a designation on the record during the deposition or other testimony, and thereafter by sending the other Party or Parties a letter designating the portions of the transcript and any exhibits thereto that constitute Confidential Discovery Material (a "<u>Designation Letter</u>") within thirty (30) days after receipt of the official transcript of the deposition or other testimony.  Unless any of the exceptions in Paragraph 11 apply exhibits marked at any Deposition may be designated as Confidential

        Discovery Material by making a designation on the record during the deposition or other testimony and by sending a Designation Letter within thirty (30) days after receipt of the official transcript of the deposition or other testimony. If a Party fails to designate Confidential Discovery Material on the record during the deposition or other testimony, it may still designate the testimony or exhibits as Confidential Discovery Material by sending a Designation Letter within thirty (30) days after receipt of the official transcript of the deposition or other testimony. The portions of deposition testimony and/or any exhibits thereto that are designated as including Confidential Discovery Material shall be treated as Confidential Discovery Material under this Order. Until receipt of the Designation letter, transcripts shall be treated as Confidential Discovery Material in their entirety from the date of the deposition or testimony until the receipt of the Designation Letter or the expiration of the thirty (30) day period following receipt of the official transcript of the deposition or testimony, whichever occurs first. If the Party who defended the deposition or otherwise controls the confidentiality of the testimony (the "<u>Defending Party</u>") fails to send a Designation Letter within the thirty (30) day period following receipt of the official transcript of the deposition or testimony, the transcript will be treated as non-confidential pursuant to the terms of this Order.

e.    Other materials may be designated as Confidential Discovery Material by affixing a "CONFIDENTIAL" legend in a conspicuous place in or on the material in question.

3.  Confidential Discovery Material may not be disclosed to any person except to:

    a.  Counsel of record for the Parties and to partners, associates and staff of such counsel's law firms or others (including litigation support personnel) who are assisting counsel of record in the Proceeding.

    b.  Photocopy services, electronic discovery vendors, document review service providers, or similar service providers assisting counsel for the Parties in this Proceeding and who are subject to confidentiality agreements.

    c.  Parties and their officers, directors, and employees (including in-house counsel) to whom disclosure is reasonably necessary for this Proceeding and who are subject to confidentiality obligations.

    d.  Court reporters and videographers engaged for depositions in the Proceeding.

    e.  Any witness or prospective witness who may be testifying at a deposition, hearing or trial of the Proceeding, provided that such person first is advised of and agrees to be bound by the provisions of this Order, either on the record at such deposition or by executing a copy of the Confidentiality Acknowledgment attached hereto as **Exhibit A** (the "Confidentiality Acknowledgment").

    f.  Consultants, investigators, or experts retained by the Parties or counsel for the Parties to evaluate or assist in the preparation or presentation of this case and trial of the Proceeding, provided that any of the foregoing in this Paragraph 3(f) have first read and executed a copy of the Confidentiality Acknowledgement.

        g.        The Court (or other adjudicative body) and its personnel and jurors in the course of judicial or other legal proceedings in the Proceeding (including any appeals), subject to the provisions set forth in Paragraph 7 below.

4.        If a Party to whom Confidential Information was produced (a "Receiving Party") wishes to disclose any material designated as Confidential Discovery Material to any person other than those set forth in Paragraph 3 of this Order, permission to disclose the material must be requested from the Producing Person in writing, except as stated in Paragraph 14, below. If the Producing Party consents to such disclosure, the person to whom such disclosure was made shall read and execute a copy of the Confidentiality Acknowledgment prior to disclosure. If the Producing Person objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the Party requesting such permission, this Court enters an order permitting disclosure.

5.        Nothing in Paragraph 3 shall limit any Party's ability to disclose Confidential Discovery Material to any person who authored or in the good faith belief of the Party may have received such Confidential Discovery Material, provided that such person first is advised of and agrees to be bound by the provisions of this Order, either on the record at such deposition or by executing a copy of the Confidentiality Acknowledgment.

6.        Except as provided in Paragraphs 3 and 4 above, any recipient of Confidential Discovery Material shall keep all Confidential Discovery Material designated by a Producing Person secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

7.        A party seeking to file with the Court any of that party's own Confidential Information shall comply with the applicable procedures of Section 9(B) of the Court's Individual Rules of Practice in Civil Cases for filing under seal, and shall be responsible for making the

necessary showing to the Court to obtain such relief.  A party seeking to file with the Court any Confidential Information of the other party shall, at least five (5) business days prior to such filing, provide written notice to the other party of the intent to file such Confidential Information with the Court.  The party whose Confidential Information is sought to be filed shall have three (3) business days from the date of such notice to provide the other party with all of the information required by Section 9(B) of the Court's Individual Rules of Practice in Civil Cases so that the filing party can comply with such requirements.  If the party whose Confidential Information is sought to be filed fails to timely do so, then the other party shall be entitled to file the Confidential Information identified in the notice with the Court in the normal course without filing it under seal, and such filing shall not in any way be deemed to be a violation of this Order.

8. The failure to designate materials as Confidential Discovery Material in accordance with this Order shall not constitute a waiver of (1) any Party's or nonparty's right to make such a designation; (2) any Party's or nonparty's right to object to discovery on the ground that the requested discovery seeks information requiring additional protections beyond those provided in this Order; (3) any Party's or nonparty's right to object to discovery on any other ground, including, but not limited to, attorney client privilege and attorney work product; (4) any Party's right to seek an order compelling discovery with respect to any discovery requests; and (5) any Party's right at any proceeding or hearing to object to the relevance or admissibility of any evidence on any ground.  Further, a Party's consent to this Order shall not operate as or be deemed an admission by such Party that any Discovery Material that has been designated as Confidential Discovery Material by another Party contains or reflects Confidential Information.

9. A designation of confidentiality may be challenged at any time, and the failure to object to a designation at a given time shall not preclude a subsequent challenge of a designation

or the filing of a motion at a later date challenging the propriety thereof. Prior to making any motion, the Party seeking to challenge a confidentiality designation shall provide a written request for re-designation to the Producing Person, setting forth the particular grounds for the request as to each document, or class of documents, at issue. The Producing Person shall have seven (7) business days to respond to the request. If the Producing Person does not respond to the request within seven (7) business days, the confidential designation shall be deemed to be withdrawn. If the Producing Person responds to the requested re-designation within the seven (7) business day period, and declines to re-designate, the challenging Party may seek a ruling from the Court, in accordance with L. Civ. R. 6.1(a) and the Court's Individual Rules, that such information should not be treated as Confidential Discovery Material, provided that no Confidential Discovery Material shall be filed in the public record prior to such a determination by the Court. With respect to any Discovery Material that is re-designated or ceases to be subject to the protection of this Order, the Producing Person shall, at its expense, provide to each Party that so requests additional copies thereof from which all confidentiality legends or labels have been removed. Nothing herein is intended to shift the burden of proof with respect to the issue of the appropriate designation of Confidential Discovery Material. The Producing Party shall maintain the burden of proof of establishing the confidentiality of information or material designed as Confidential Discovery Material.

   10. A copy of this Order shall be served with any subpoena in the Proceeding compelling the production of documents or information from any nonparty and this Order shall apply to and be deemed incorporated in such subpoena or deposition notice.

   11. The restrictions and obligations set forth in this Order relating to materials subject to this Order shall not apply to any documents or information that (i) is or has become public

knowledge or is publicly available other than as a result of disclosure by a Receiving Party, or (ii) is in the Receiving Party's legitimate possession independently of the Producing Person.  Such restrictions and obligations shall not be deemed to prohibit discussions of Confidential Discovery Material with any person if such person already has legitimate possession thereof.

      12.     Inadvertent production of materials protected by any privilege or immunity, including but not limited to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity ("Privileged Materials"), shall not be deemed a waiver of said privilege or immunity provided that the Producing Person notifies the Receiving Party of the inadvertent production within a reasonable time under the circumstances.  In the event that any Producing Person discovers it has produced Privileged Materials, the Producing Person may demand return or destruction of all copies of the Privileged Materials by providing written notice of the demand to the Parties to which the Privileged Materials were produced.  The notice shall set forth the basis for the claimed privilege.  Upon receipt of such notice, the Receiving Party shall promptly either return or destroy all copies of the Privileged Materials and confirm in writing to the Producing Person that it has done so, or object in writing to the claim of Privilege.  In the event of such an objection, the Producing Party shall promptly move the Court for a determination that the Privilege applies and has not been waived, and the Receiving Party must not use the at-issue materials in any way prior to the Court issuing such a determination.  The failure to so move shall be deemed to be a waiver of any claimed Privilege.  The Producing Person shall promptly identify the returned document on a privilege log.  Nothing in this Paragraph shall be construed to prevent the Receiving Party from thereafter moving to compel production of the Privileged Materials if it believes that the materials are not in fact privileged or otherwise subject to an immunity.  Nothing in this Paragraph shall affect the applicable substantive law governing which Party (or nonparty)

bears the burden of proving privilege or immunity.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Nothing in this paragraph is intended to or shall revive any Privilege that has previously been waived.

13. This Order shall not prevent any Party from applying to the Court for relief from or modifications of, the provisions of this Agreement, or from applying to the Court for further or additional protective orders.  Nothing herein shall prevent any Party from disclosing its own Discovery Material, including Confidential Discovery Material, in any manner that it considers appropriate.

14. In the event that a Receiving Party is requested or required (through discovery, subpoena, civil investigative demand, or other similar legal or investigative process) to disclose Confidential Discovery Material produced by a Producing Person, including but not limited to Confidential Discovery Material, the Receiving Party shall provide the Producing Person with prompt written notice of any such request or requirement so that the Producing Person may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Order in respect of such request or requirement.  If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Person, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Confidential Discovery Material or else stand liable for contempt or suffer other censure or significant penalty, the Receiving Party may, without liability under this Order, disclose only that portion of the Confidential Discovery Materials that its counsel advises it is legally required to disclose, and then only with as much prior written notice to the Producing Party as is practicable under the circumstances.  The restrictions in

Paragraph 14 shall not apply to any investigations currently underway regarding facts at issue in the Litigation as of the date of this Stipulation, and nothing in this Stipulation shall prevent a Receiving Party from sharing Confidential Discovery Material in connection with any such existing investigation. Should any civil or criminal proceedings be commenced arising out of the existing investigation, the Parties will negotiate in good faith with respect to the use of Confidential Information in such proceedings.

15.  Nothing herein shall prevent any Receiving Party from disclosing Confidential Discovery Material (a) to the extent necessary to report to appropriate taxing authorities, or to the accountants, advisors, or independent public auditors, or other advisors, counsel other than counsel in this action, of the Receiving Party in confidence, as and only to the extent required to perform auditing or tax accounting work; and (b) to the extent necessary for purposes of financial reporting, including SEC and regulatory filings, and other regulatory requests.

16.  Within sixty (60) days after entry of an order finally and conclusively terminating the Proceeding (including any appeals), all Confidential Discovery Material subject to this Order, shall be returned to the Producing Person or destroyed by the Receiving Party (the decision as to returning, on the one hand, or destroying, on the other, being at the sole option of the Receiving Party), which shall provide a signed confirmation of compliance with the provisions of this Paragraph within sixty (60) days of receipt of a written request by the Producing Person, which demand shall be made no sooner than sixty (60) days after the conclusion of the Proceeding. Notwithstanding the foregoing, (1) outside counsel for the Parties shall be permitted to retain copies of deposition and trial transcripts, pleadings, motions and other submissions, and discovery requests and responses containing Confidential Discovery Material, and (2) Confidential Discovery Materials stored in automated computer backup systems in the regular course of

business shall not be required to be returned or destroyed so long as the provisions of this Order shall continue to apply to such Confidential Discovery Material.  With respect to material subject to this Order in the possession of third parties, counsel will undertake their best efforts to recover all such material from third parties.  The Court is under no obligation to return or destroy any material filed with the Court.

17.  This Order shall survive the termination of the Proceeding.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each Producing Person, or by an Order of the Court.

18.  All notices required by this Order may be served by e-mail to the e-mail addresses of counsel as set forth in their signature blocks below by the close of the business day on which notice is required.  The date by which a Party receiving a notice shall respond, or otherwise take Proceeding, shall be computed from the close of the business day that the e-mail was received in the office of counsel.  Any of the notice or response requirements herein may be waived, in whole or in part, by written stipulation of counsel of record without further Order of the Court.

19.  The production of Confidential Discovery Material prior to the Court's entry of this Order shall be governed by the terms of this Order to the same extent and with the same force as that material produced after its entry as a Court order.

20.  All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation may be subject to such sanctions as the Court deems appropriate.  Any violation of the provisions of this Order governing the maintenance of the confidentiality of Confidential Discovery Material shall entitle the Producing Person whose Confidential Discovery Material has been disclosed in violation of this Order to move for injunctive relief and/or damages, as well as such costs and fees incurred in obtaining

such relief as may be awarded by the Court in the Court's discretion in the event that the Court holds that a breach of this Order has occurred.

21. This Order may be modified, and any matter related to it may be resolved, by stipulation of counsel of record. Any such modification shall only be effective if reflected in a writing signed by counsel of record for the Parties and approved by the Court.

22. This Order is not binding on the Court or Court personnel. The Court reserves the right to modify it at any time.

[*remainder of page intentionally left blank; signature block on following page*]

Dated: March 11, 2022

Counsel for the Parties:

| | |
|---|---|
| **FOLKENFLIK & MCGERITY LLP** | **VENABLE LLP** |
| By: _/s/ Max Folkenflik_<br>Max Folkenflik<br>Tel.: (212) 757-0400/(917) 613-9700 | By: _/s/ Kan M. Nawaday_<br>Kan M. Nawaday &<br>Michael M. Agosta<br>Tel: (212) 370-6240 / (212) 503-0690 |
| _Attorneys for Plaintiff_<br>_Sussman Sales Co., Inc._ | _Attorneys for Defendant_<br>_VWR International, LLC_ |

**SO ORDERED,** this  14th  **day of**      March      **, 2022:**

_[signature: Katherine Polk Failla]_

Honorable Katherine Polk Failla
United States District Judge

14

## **EXHIBIT A**

## **CONFIDENTIALITY UNDERTAKING**

I have read the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") so-ordered and entered by the Court in *Sussman Sales Company, Inc. v. VWR International, LLC,* Case No. 20-cv-2869 (KPF), pending in the United States District Court for the Southern District of New York, concerning the confidentiality of information in the above referenced proceeding. I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain confidential information. I also understand that the Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order described above with respect to any information designated as Confidential Discovery Material that is furnished to me. I hereby consent to the personal jurisdiction of the United States District Court, Southern District of New York, for any proceedings involving the enforcement of that Protective Order.

EXECUTED this ____ day of _____, 202__.

_____
Name (Please Print)

_____
Signature

_____
Present Employer or Other Business Affiliation

_____
Business Address