UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSSMAN SALES COMPANY, INC.,

                Plaintiff,

-v.-

VWR INTERNATIONAL, LLC,

                Defendant.

20 Civ. 2869 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

    Plaintiff Sussman Sales Company, Inc. brings this action against Defendant VWR International, LLC, invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. *See* ECF No. 33 (Am. Compl.) ¶ 19. Plaintiff alleges that it "is incorporated in . . . and has its principal place of business in New York." *Id.* Plaintiff also alleges that Defendant, a limited liability company ("LLC"), has its "principal place of business in Pennsylvania and, on information and belief, is incorporated in a state other than New York." *Id.* Plaintiff fails to affirmatively plead the citizenship of each member of the Defendant LLC.

    It is well-established that an LLC is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC, as well as the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also,*

*e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled."  *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").

Accordingly, by **June 8, 2023**, Plaintiff may serve Defendant with an interrogatory seeking the citizenship of all natural persons who are its members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business.  Within seven days of service of any such interrogatory, Defendant shall respond.

By **June 30, 2023**, Plaintiff shall file a second amended complaint, which shall be amended solely for the purposes of affirmatively alleging the citizenship of each constituent person or entity comprising the Defendant LLC, as well as the citizenship of the parties.  If, by that date, Plaintiff is unable to amend the complaint to truthfully allege complete diversity of citizenship, then the case will be dismissed for lack of subject matter jurisdiction without further notice to either party.

The Court is in receipt of the parties' joint letter-motion to extend the discovery deadlines (ECF No. 64) and Defendant's letter-motion for a discovery conference (ECF No. 65).  The discovery deadlines in this case are STAYED pending the Court's determination as to whether it has subject matter jurisdiction.  The Clerk of Court is directed to terminate ECF Nos. 64 and 65.

SO ORDERED.

Dated: June 1, 2023
       New York, New York

                                                     JENNIFER H. REARDEN
                                                    United States District Judge