UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSSMAN SALES COMPANY, INC., <br><br>                                 Plaintiff, <br><br>-v.- <br><br>VWR INTERNATIONAL, LLC, <br><br>                                Defendant. | 20 Civ. 2869 (JHR) <br><br>OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

Before the Court are Defendant's motion to strike or, in the alternative, to partially dismiss Plaintiff's Second Amended Complaint (the "SAC"), *see* ECF No. 70 (Mot. to Strike); Plaintiff's subsequently filed motion to amend the complaint, *see* ECF Nos. 78, 79; and Defendant's motion for sanctions, *see* ECF No. 86 (Mot. for Sanctions). For the reasons set forth below, Plaintiff's motion is denied; Defendant's motion to strike or, in the alternative, to partially dismiss the Second Amended Complaint is granted in part and denied in part; and Defendant's motion for sanctions is granted.

## I.   BACKGROUND

In October 2018, Plaintiff entered into an agreement (the "Agreement") with Defendant by which Plaintiff would serve as Defendant's sales representative in connection with marketing and selling interactive flat screen devices known as "Triumph Boards." ECF No. 68 (SAC) ¶ 2. According to Plaintiff, "at the time the contract was signed, [Defendant] had been engaging in and was continuing to engage in unlawful price fixing, bid rigging and bid coordination with respect to" the sale of Triumph Boards. *Id.* ¶ 4. After learning of this alleged misconduct, Plaintiff notified Defendant on April 3, 2019 that it was terminating the Agreement. *Id.* ¶ 91. On April 7, 2020, Plaintiff filed this action for breach of contract, breach of warranty, breach of

the duty of good faith and fair dealing, and fraud. Plaintiff seeks: (i) indemnification; (ii) an audit of Defendant's books and records; (iii) compensatory damages in an amount no less than $11,000,000; and (iv) punitive damages. *See* ECF No. 2 (Compl.).

On June 26, 2020, Defendant filed a partial motion to dismiss the complaint. *See* ECF No. 18. On March 26, 2021, the Court granted in part and denied in part Defendant's motion.[1] *See* ECF No. 32 (March 26, 2021 Op.). Specifically, the Court "dismisse[d] *with prejudice* Claim Two; Claim Three; Claim Four; Claim Five, excluding Plaintiff's allegations relating to Defendant's breaches regarding notification of purchases and payment of commissions; Claim Six; and Claim Seven; as well as Plaintiff's demand for punitive damages; and any demand for lost profits, to the extent such damages are sought by Plaintiff." *Id.* at 53 (emphasis added). The Court dismissed these claims with prejudice because "Plaintiff ha[d] not sought leave to amend, and the Court believe[d] that any amendment would be futile." *Id.* at 52.

Of relevance to the present motions, Claim Two had alleged "that [Plaintiff] was fraudulently induced into signing the Agreement" by Defendant's "misrepresentations" regarding its relationships with other entities. *Id.* at 19. Ultimately, the Court dismissed Claim Two for "fail[ure] to plead the existence of a material misrepresentation or omission" concerning these relationships. *Id.* at 32. But first, the Court rejected Defendant's argument that Claim Two was duplicative of Claim One—a claim for breach of Defendant's contractual warranty that it would comply with the law—because "[t]he allegations put forth in support of Claim Two d[id] not pertain to" the contractual representations that underlie Claim One. *Id.* at 27-28. The Court noted, however, that "any attempt to broaden Claim Two to encompass Plaintiff's bid-rigging allegations would render it duplicative of Claim One, and subject to dismissal on that basis."

---

[1] This case was originally assigned to the Honorable Katherine Polk Failla and reassigned to this Court in 2023.

March 26, 2021 Op. at 27 n.17.  The Court also determined that it did not need to rule on Plaintiff's argument that Claim Two was "not duplicative for an additional reason—that [it] seek[s] punitive damages." *Id.* at 29 n. 18.

On April 8, 2021, shortly after the Court had issued its opinion on Defendant's motion to dismiss, Plaintiff filed an amended Complaint without leave of court.  *See* ECF No. 33 (FAC). The amended Complaint added a request for punitive damages to Claim One and asserted new Claim Nine for fraudulent inducement based on Defendant's "representations . . . of prior compliance and the intention to comply 'with all codes, regulations and laws applicable to its performance'" in "multiple drafts of the Sales Representative Agreement."  *See id.* ¶¶ 1, 163. Plaintiff then sought leave to amend the Complaint after the fact and also moved for reconsideration of the Court's March 26, 2021 Opinion granting in part and denying in part Defendant's motion to dismiss.  *See* ECF Nos. 35; 36.  On December 21, 2021, the Court issued an Order resolving both motions.  *See* ECF No. 48 (Dec. 21, 2021 Op.).  With one exception— Plaintiff's request for lost-profit damages, which is not relevant here—the Court denied reconsideration of its March 26, 2021 Opinion and denied leave to amend the complaint.  *See id.* at 11.

On June 1, 2023, following reassignment to this Court, Plaintiff was ordered to file an amended Complaint to address certain failures in connection with pleading subject matter jurisdiction.  The Court directed that the Complaint "shall be amended *solely* for the purposes of affirmatively alleging the citizenship of each constituent person or entity comprising the Defendant LLC, as well as the citizenship of the parties." ECF No. 66 (June 1, 2023 Order) at 2 (emphasis added).  The June 1, 2023 Order also stayed all discovery deadlines "pending the Court's determination as to whether it has subject matter jurisdiction."  *Id.*

3

On June 21, 2023, Plaintiff filed a Second Amended Complaint ("SAC"). *See* SAC. The SAC contains new jurisdictional allegations establishing diversity of citizenship. *See id.* ¶ 19 (alleging that Defendant is a citizen of Pennsylvania and Delaware). In addition, in defiance of the June 1, 2023 Order, the SAC reasserts—in identical language as in the previous amended complaint—Plaintiff's request for punitive damages in Claim One and the fraudulent inducement allegations in Claim Nine. *See id.* ¶ 1. Defendant promptly alerted Plaintiff's counsel that the amendments in the SAC exceeded the scope of the leave granted by the June 1, 2023 Order. ECF No. 71 (West Decl.), Ex. 2 at 2. Defendant requested that Plaintiff "alert[] the Court to this issue and seek[] leave to refile [its] complaint," also warning that "[i]f these additions were not in error, [it would] have to move to strike the complaint." *Id.* In response, Plaintiff recognized that "[t]he court [had] limited [its] ability . . . to amend solely the allegations relating to the jurisdiction over the LLC." *Id.* Nevertheless, Plaintiff refused to withdraw the SAC because it "assume[d] [Defendant] w[ould] address those issues in [Defendant's] answer." *Id.* Plaintiff concluded its response with, "if you want to bring [the out-of-scope amendments] to the court[']s attention, go for it." *Id.*

On June 30, 2023, Defendant moved to strike the SAC's punitive damages demand and Claim Nine or, in the alternative, to dismiss those claims in the SAC. *See* Mot. to Strike. On September 22, 2023, Plaintiff filed both a "Notice of Leave to Further Amend the Complaint," *see* ECF No. 78, and a "Notice of Motion for Leave to Further Amend the Complaint," *see* ECF No. 79.[2] In so doing, Plaintiff belatedly asked the Court for leave to accept an improperly amended pleading for the *second time* in this case. *Supra* at 3; *see* ECF Nos. 33, 35, 68, 78, 79. On October 23, 2023, in response to Plaintiff's filings, Defendant moved for sanctions pursuant

---

[2] These two notices appear to be duplicates. Plaintiff filed only one memorandum of law in support of its motion for leave to amend. *See* ECF No. 80.

4

to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent powers. *See* Mot. for Sanctions.

## II. DISCUSSION

### A. The SAC Exceeds the Scope of the Court's Leave to Amend

Defendant moves to strike certain claims in the SAC—namely, Plaintiff's rehashed request for punitive damages in Claim One for breach of warranty and a new Claim Nine for fraudulent inducement—on the ground that these amendments exceed the scope of the Court's grant of leave to amend. *See Ratermann v. Pierre Fabre USA, Inc.*, No. 22 Civ. 325 (JMF), 2023 WL 7627425, at *2 (S.D.N.Y. Nov. 14, 2023). Defendant's objection is "well founded." *Id.* (dismissing claims in the amended complaint that the plaintiff "did not seek, and the Court did not grant, leave to add").

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike are generally disfavored, they may be appropriate where a plaintiff has exceeded the scope of his leave to amend." *Miles v. City of New York*, No. 14 Civ. 9302 (VSB), 2018 WL 3708657, at *5 (S.D.N.Y. Aug. 3, 2018) (internal citations omitted); *see Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

Plaintiff was granted leave to amend "solely for the purposes of affirmatively alleging the citizenship of each constituent person or entity comprising the Defendant LLC, as well as the citizenship of the parties," ECF No. 66 at 2—"not to supplement [its] already amended pleadings with [a] new claim[]" and a request for punitive damages, *Cummings v. City of New York*, No. 19

Civ. 7723 (CM) (OTW), 2021 WL 1163654, at *3 (S.D.N.Y. Mar. 26, 2021). "The Court did not grant [Plaintiff] leave to broaden [its] request for damages in connection with [its] surviving" Claim One for breach of warranty, and it "certainly did not grant [Plaintiff] leave to add an entirely new claim." *Ratermann*, 2023 WL 7627425, at *2. In fact, the Court previously *denied* Plaintiff leave to amend the Complaint to assert *these very claims*.[3] *See* Dec. 21, 2021 Op. at 19-20. Because they "exceed the parameters of the leave that was given," *Palm Beach Strategic Income*, 457 F. App'x at 43, the Court strikes these claims from the SAC.

### B. Plaintiff's Belated Attempts to Secure Leave to Amend Are Denied

After filing the SAC, Plaintiff moved for leave to amend its complaint to add the claims that the Court now strikes—the request for punitive damages and the fraudulent inducement claim. *See* ECF Nos. 78, 79. Because the Court already denied leave to make such amendments in its December 21, 2021 Order, *see* Dec. 21, 2021 Op. at 16, the Court construes Plaintiff's motion for leave to amend as a motion for reconsideration.

Plaintiff's motion fails as untimely and as an impermissible successive motion for reconsideration. As an initial matter, the motion "should be denied on [the] basis [of untimeliness] alone." *In re Navidea Biopharmaceuticals Litig.*, No. 19 Civ. 1578 (VEC), 2024 WL 2881698, at *3 (S.D.N.Y. June 6, 2024); *see Grand River Enterprises Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK), 2009 WL 1739893, at *1 (S.D.N.Y. June 16, 2009) (holding that Plaintiff's "failure to make a motion for reconsideration in a timely manner is by itself a sufficient basis for denial of the motion."). A motion for reconsideration must be made "within 14 days after the entry of the court's order being challenged." S.D.N.Y. Loc. R. 6.3; *see Church*

---

[3] Plaintiff's counsel "confess[ed] error in the submission of an amended complaint that was, through oversi[ght], modeled on the proposed Amended Complaint." ECF No. 76 (Folkenflik Decl.) ¶ 1.

*of Scientology Int'l v. Time Warner, Inc.*, No. 92 Civ. 3024 (PKL), 1997 WL 538912, at *3 (S.D.N.Y. Aug. 27, 1997) ("[A] movant may not avoid the strictures" that apply to motions for reconsideration "by styling its motion as something other than a motion for reargument because a court may properly treat an artfully drafted motion as a motion for reargument").  Plaintiff brought this motion, however, nearly two years after the December 21, 2021 Order that it challenges.

Second, Plaintiff "is entitled to a single motion for reconsideration." *Guang Ju Lin v. United States*, No. 13 Civ. 7498 SHS, 2015 WL 747115, at *2 (S.D.N.Y. Feb. 18, 2015); *see* S.D.N.Y. Loc. R. 6.3.  In the December 21, 2021 Order, the Court construed Plaintiff's motion for leave to amend as "as a motion [for reconsideration of the March 26, 2021 Opinion] under Fed. R. Civ. P. 54(b)" because "Plaintiff's 'claims against [Defendant] were previously dismissed with prejudice,' and Plaintiff 'purport[ed] to . . . request under Fed. R. Civ. P. 15(a)' to amend the complaint based on 'new evidence.'"  Dec. 21, 2021 Op. at 20 (quoting *In re Bisys Sec. Litig.*, 496 F. Supp. 2d 384, 386 (S.D.N.Y. 2007)).  The Court denied that motion.  *Id.*  The instant motion therefore improperly seeks a "duplicative ruling[] on previously considered issues." *Montanile v. Nat'l Broad. Co.,* 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

Even if the Court excused the procedural shortcomings in Plaintiff's motion, the motion would still be substantively flawed.  "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006).  Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United*

7

*Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). "A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Pac. Life Ins. Co. v. Bank of New York Mellon*, No. 17 Civ. 1388 (KPF), 2018 WL 1871174, at *1 (S.D.N.Y. Apr. 17, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

    Plaintiff, however, neither identifies any "intervening change of controlling law" nor points to the "availability of new evidence." *Bisys Sec. Litig.*, 496 F. Supp. 2d at 386 (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*, 322 F.3d 147, 167 (2d Cir. 2003)). Instead, Plaintiff argues that "Leave to Amend should be granted now to correct clear error and prevent manifest injustice." ECF No. 80 (Br. for Leave to Amend) at 7. The Court finds no such error.

    Although "[l]eave to amend should be freely granted" pursuant to Rule 15(a)(2), this Court "has the discretion to deny leave if there [is] a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 159 (2d Cir. 2015) (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)). The Court previously denied leave to add the request for punitive damages to Claim One (for breach of warranty) because the motion was made in "'bad faith' for Rule 15 purposes." Dec. 21, 2021 Op. at 19. Specifically, while litigating the motion to dismiss, Plaintiff strategically "conceded that it c[ould] not recover punitive damages under" Claim One so that it

8

could argue that Claim Two was "not duplicative" because, unlike Claim One, Claim Two "s[ought] punitive damages." *Id.* (quoting ECF No. 25 at 12-13).  Plaintiff sought to add the request for punitive damages to Claim One only *after* its fraud claims were dismissed, and thus acted in bad faith by "wait[ing] to see 'how [it] would fare on the prior motion to dismiss' before seeking leave to amend." *Id.* (quoting *In re Gen. Elec. Co. Sec. Litig.*, No. 09 Civ. 1951 (DLC), 2012 WL 2892376, at *4 (S.D.N.Y. July 12, 2012) ("A court may make a finding of bad faith for Rule 15(a) purposes where a party waited to see how he would fare on the prior motion to dismiss." (internal quotation marks omitted))); *see Vine v. Beneficial Finance Co.*, 374 F.2d 627, 637 (2d Cir. 1967).  The Court did not, as Plaintiff suggests, deny leave to amend simply because Plaintiff had "fail[ed] to assert that demand until after the Court ruled on Defendant's Motion to Dismiss."  ECF No. 80 at 8; *cf. Loreley Fin. (Jersey) No. 3 Ltd., v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (holding district court had erred by denying leave to amend based on the "timing" of the plaintiff's motion where the plaintiff initially "deci[ded] to stand by the complaint" in a pre-motion-to-dismiss conference and then sought leave to amend in its opposition to the motion to dismiss); *id.* at 190 (recognizing "bad faith" as a "ground[] on which denial of leave to amend has long been held proper).

With respect to Plaintiff's newly added Claim Nine, for fraudulent inducement relating to Defendant's warranty "in Section 5.2 (b) of the [] Agreement" that it "ha[d] complied and will comply with all codes, regulations and laws applicable to its performance pursuant to th[e] Agreement," SAC ¶ 162, the Court previously explained that "Plaintiff's arguments fail on futility grounds [because] [t]he Court has already rejected Plaintiff's proposed claim as duplicative of [the breach of warranty claim,] Claim One."  Dec 21, 2021 Op. at 20.  The Court had "observ[ed] specifically in the March 26 Opinion that 'any attempt to broaden Claim Two [for fraud in the inducement] to encompass Plaintiff's bid-rigging allegations would render it

9

duplicative of Claim One, and subject to dismissal on that basis.'" Dec 21, 2021 Op. at 20 (quoting *Sussman Sales Co., Inc.* v. *VWR Int'l, LLC*, No. 20 Civ. 2869 (KPF), 2021 WL 1165077, at *11 n.17 (S.D.N.Y. Mar. 26, 2021)). As the proposed Claim Nine "would be duplicative of Claim One," *id*., any such amendment would be "futile." *Loreley Fin. (Jersey) No. 3*, 797 F.3d at 190.

In sum, "Plaintiff did not make a timely motion for reconsideration of [the Court's] previous ruling, and has not given the Court any reason, let alone a 'compelling' one, to deviate from its prior rulings." *Cummings*, 2021 WL 1163654, at *7. Indeed, "[t]he law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'" *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). Accordingly, the Court denies Plaintiff's application for leave to amend the complaint.

## C.     Monetary Sanctions Are Appropriate

Defendant moves for sanctions against Plaintiff pursuant to Rule 11.[4] *See* Mot. for Sanctions. Rule 11(b) requires attorneys to sign all submissions certifying "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the submission "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and "the claims, defenses, and other legal contentions" in a pleading, written motion, or other paper "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

---

[4] Defendant also moves, in the alternative, for sanctions pursuant to either 28 U.S.C. § 1927 or the Court's inherent powers. "Because the Court concludes that sanctions are appropriate pursuant to Rule 11, it does not address these alternative arguments." *Klein v. Aicher*, No. 19 Civ. 9172 (RA), 2020 WL 4194823, at *6 n.8 (S.D.N.Y. July 21, 2020).

existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b).  "With respect to sanctions for insisting upon certain legal claims, it must be 'patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'" *Dimitri Enterprises, Inc. v. Scottsdale Ins. Co.*, No. 20 Civ. 7966 (JSR), 2021 WL 2650508, at *1 (S.D.N.Y. June 24, 2021) (quoting *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008)); *see Smith v. Westchester Cnty. Dep't of Corr.*, 07 Civ. 1803 (SAS), 2013 WL 5192751, at *4 (S.D.N.Y. Sept. 16, 2013) (similar).

"[W]hen a district court finds a violation of Rule 11, the decision whether to impose a sanction for a Rule 11(b) violation is . . . committed to the district court's discretion." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (internal quotation marks omitted).  "If . . . the court determines that Rule 11(b) . . . has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Goldman v. Barrett*, No. 15 Civ. 9223 (PGG), 2019 WL 4572725, at *4 (S.D.N.Y. Sept. 20, 2019) (quoting Fed. R. Civ. P. 11(c)(1)).

Defendant argues that sanctions are justified because "both the Motion to Amend and the SAC reassert two claims that the Court determined were futile or made in bad faith," so "reasserting those claims in a subsequent pleading [wa]s frivolous." [5] ECF No. 88 (Sanctions Br.) at 8-9.  "The Second Circuit has upheld sanctions in similar circumstances," even where,

---

[5] Defendant's motion for sanctions has "satisfied the procedural requirements of Rule 11." *Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 248 (S.D.N.Y. 2014).  First, the motion was "made separately from any other motion and describe[s] the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).  Second, Defendant served Plaintiff with the motion on October 4, 2023.  ECF No. 82-1.  In response, Plaintiff "expressly waived Rule 11(c)'s safe harbor provision, foregoing the 21 days it otherwise would have been afforded to 'withdraw[] or appropriately correct[]' its motion for leave to amend." ECF No. 83 (quoting Fed. R. Civ. P. 11(c)(2)); *see* ECF No. 82 at 1.

11

unlike here, the plaintiff reasserted its claims against a different party. *Dimitri Enterprises*, 2021 WL 2650508, at *2 (granting sanction because "plaintiff's counsel clearly knew that the claims" it asserted in an amended complaint "would fail," "based on the dismissal of the [same] claims against" another party in the action); *see Parnoff v. Fireman's Fund Ins. Co.*, 796 Fed. App'x. 7, 9 (2d Cir. 2019) ("[G]iven that the district court had already rejected a nearly identical argument in [an earlier suit], it was not reasonable for [plaintiff] to believe that his position would be warranted in this case."); *Commer v. Am. Fed'n of State, Cnty., & Mun. Emps.*, 96 F. App'x 757, 758 (2d Cir. 2004) (summary order) (affirming sanctions where plaintiff "attached a proposed amended complaint to his subsequent motion for leave to amend the complaint repleading the same [] claim" that had been dismissed and plaintiff "did not make any new assertion of fact that the district court had not previously reviewed in relation to [that] claim"); *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (deeming demand for compensatory and punitive damages for alleged ADEA violations in supplemental complaint frivolous for Rule 11 purposes as barred by law of the case given prior ruling disallowing such damages). Plaintiff "responds by largely relitigating the merits" of the December 21, 2021 Order denying leave to amend. *Dimitri Enterprises*, 2021 WL 2650508, at *2; *see* ECF No. 89 (Opp. to Sanctions) at 3-9.

Because the SAC and motion to amend sought to reassert "identical claims . . . [that] were previously" denied as either made in bad faith or futile, *see* Dec. 21, 2021 Op. at 19-20, "plaintiff's counsel knew or should have known that the claims" would again be denied. *Dimitri Enterprises*, 2021 WL 2650508, at *2; *see Gurvey v. Cowan, Leibowitz & Latman, P.C.*, No. 06 Civ. 1202 (LGS) (HBP), 2015 WL 5472893, at *5 (S.D.N.Y. Sept. 17, 2015) (imposing sanctions where Plaintiff moved to file an amended complaint "duplicative of" an earlier proposed complaint for which leave to amend had been denied). "Plaintiff['s counsel] has doggedly pursued his claims even after" being "instructed that they were meritless, and when

12

[counsel] should have known that they were barred by" the law of the case doctrine. *Corsini*, 26 F. Supp. 3d at 248. "Regardless of counsel's disagreement with the district court's reasoning in" denying the earlier-filed motion to amend the complaint, "it was 'patently clear' from that reasoning that" moving again to "amend[] the pleading to assert the same claims . . . 'ha[d] absolutely no chance of success.'" *Dimitri Enterprises, Inc. v. Spar Ins. Agency LLC*, No. 21-1722 Civ., 2022 WL 5237811, at *3 (2d Cir. Oct. 6, 2022) (quoting *Calloway v. Marvel Ent. Grp.*, 854 F.2d 1452, 1470 (2d Cir. 1988)). Thus, "[t]he Court holds that Plaintiff's counsel violated Rule 11(b)(2)." [6] *Dimitri Enterprises*, 2021 WL 2650508, at *2.

"Having found a violation of Rule 11, '[t]he court may impose a fine or penalty, an award of reasonable expenses and attorney's fees incurred as a result of the misconduct, or dismiss the action.'" *Id.* (quoting *Rothenhaus*, 252 F.R.D. at 179). The Rule provides that sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Defendant asks the Court to "dismiss the matter with prejudice and award [Defendant] attorney's fees incurred in preparing this Motion and responding to the SAC and Motion to Amend." Sanctions Br. at 11. "The Court will not dismiss the [S]AC in its entirety, as the merits of the Plaintiff[']s]" remaining claims "have not been

---

[6] Defendant also contends that Plaintiff "filed the SAC and Motion to Amend with the improper purposes of delaying these proceedings, harassing VWR, and increasing litigation costs, in violation of Rule 11(b)(1)." Sanctions Br. at 10. "Although Rule 11 [] permits sanctions against a represented party, 'a represented party should not be sanctioned . . . unless the party had actual knowledge that the filing of the papers constituted wrongful conduct, e.g., the papers made false statements or were filed for an improper purpose." *Ilkowitz v. Durand*, No. 17 Civ. 773 (PGG), 2018 WL 1595987, at *19 (S.D.N.Y. Mar. 27, 2018) (quoting *Calloway v. Marvel Entm't Grp.*, 854 F.2d 1452, 1474 (2d Cir. 1988), rev'd on other grounds *sub nom. Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120 (1989)). On the present record, Defendant "has not demonstrated that [Plaintiff] had actual knowledge that the filing[s] constituted wrongful conduct." *Id.* (internal quotation marks omitted). "Because the Court is not inclined to sanction Plaintiff[] personally, it need not proceed further with analyzing whether Plaintiff[] violated Rule 11(b)(1)." *Omni Elevator Corp. v. Int'l Union of Elevator Constructors & its Loc. 27 Affiliate*, No. 19 Civ. 6778 (CJS), 2022 WL 780272, at *9 (W.D.N.Y. Mar. 15, 2022).

argued; such claims may be supportable." *Sharbat v. Iovance Biotherapeutics, Inc.*, No. 20 Civ. 1391 (ER), 2023 WL 34377, at *22 (S.D.N.Y. Jan. 4, 2023); *see Gurvey*, 2015 WL 5472893, at *6 (recognizing that "[d]ismissal . . . is reserved for the rare case involving extreme misbehavior by the offending party, such as fraud, contempt, and willful bad faith"). "In order to deter such frivolous and harassing litigation," however, the Court finds it "appropriate to impose monetary sanctions in the amount of" Defendant's costs and fees associated with preparing this motion and responding to the SAC and Motion to Amend. *Corsini*, 26 F. Supp. 3d at 248-49 (ordering the plaintiff "to pay the reasonable attorney's fees and costs that the [] [d]efendants incurred in litigating" the improperly filed motion in question); *see Dimitri Enterprises*, 2021 WL 2650508, at *2 (S.D.N.Y. June 24, 2021) (imposing monetary sanctions on plaintiff's counsel "in the amount of $24,675," which "reflect[ed] the attorneys' fees incurred in connection with defense against [the plaintiff's] now-dismissed claims"). "The Court considers such a penalty sufficient to deter future misconduct and will not impose any other penalty." *Sharbat*, 2023 WL 34377, at *22.

## III.  CONCLUSION

In view of the foregoing, Defendant's motion to strike or to partially dismiss the SAC, *see* ECF No. 70, is GRANTED IN PART and DENIED IN PART. The Court strikes Plaintiff's request for punitive damages in Claim One and all of Claim Nine from the SAC. The SAC at ECF No. 68 is the operative pleading subject to the claims dismissed in this Order and by the Court's previous Orders. For clarity, the surviving claims in the SAC are Claim One; Claim Five's allegations relating to Defendant's breaches regarding notification of purchases and payment of commissions; Claim Eight; and the request for compensatory damages and lost profits.

Plaintiff's belated efforts to seek leave to amend, *see* ECF Nos. 78, 79, are DENIED.

Defendant's motion for Rule 11 sanctions is GRANTED to the extent that Plaintiff's counsel will be ordered to pay the reasonable attorney's fees and costs that Defendant incurred in litigating the motion for sanctions and responding to the SAC and motion to amend. Defendant must file and serve on Plaintiff's counsel an application for such fees and costs, with detailed contemporaneous billing records, by **April 21, 2025**. Any objections to the reasonableness of the fees and expenses claimed must be filed by **May 5, 2025**.

The parties are directed to submit a proposed case management plan within one week of the date of this Order.

The Clerk of Court is directed to terminate ECF Nos. 70 and 86.

SO ORDERED.

Dated: March 31, 2025
New York, New York

                                                                                      JENNIFER H. REARDEN
                                                                                       United States District Judge