UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSSMAN SALES COMPANY, INC., | |
| Plaintiff, | |
| -against- | |
| VWR INTERNATIONAL, LLC, | |
| Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __02/17/26__

20-CV-2869 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the parties' discovery letter-motions filed on January 26, 2026 (Dkts. 131, 132) as well as their responding and reply letters. The Court will conduct a discovery conference, in accordance with Local Civil 37.2, on **February 25, 2026, at 11:00 a.m.** Promptly on receipt of this Order:

1. Plaintiff Sussman Sales Co., Inc. (Sussman) must, as promised, identify "which of the CDW and [U]niversal productions were not responsive to [defendant's] document requests" (*see* Dkt. 137-1, at ECF p. 2) and identify those non-responsive documents to defendant VWR International, LLC (VWR) by bates number.

2. Sussman must run the search terms and strings proposed by VWR (*see* Dkt. 131-3) and provide VWR with a hit count for each (including, if possible, a count for the *non-duplicative* documents hit on by each term or string).

3. Sussman must identify by bates number the documents supporting its damages computation, including the documents it reviewed to arrive at the figures in its most recent response to Interrogatory No. 9. If it has not yet produced all of the documents supporting its damages computation, including all of the documents it reviewed to arrive at the figures in its most recent response to Interrogatory No. 9, it must promptly produce them.

4. Sussman must disclose to VWR whether it has collected potentially responsive documents from "members of the NYC Sales email distribution list" (*see* Dkt. 131 at 7),[1] and, if so, how it collected those documents.

---

[1] VWR states that the NYC Sales email distribution list is a list of "Sussman sales associates responsible for sales in the NYC area." (Dkt. 137 at 6), *not* a list of "Relativity project managers" and other Relativity staff. (*See* Dkt. 135 at 2.) If that is incorrect, Sussman must explain to VWR, plainly, the criteria for inclusion on the NYC Sales email distribution list.

5.      Sussman must confirm whether it has collected documents from Nick Gallucci, Chris Spadaro, and Jason Seely, and produced all responsive documents thus collected, and, if not, must explain why not.

6.      VWR must confirm whether, in addition to producing the "VWR documents produced to DOJ" (*see* Dkt. 134 at 5), it has produced *all* documents submitted to DOJ regarding its voluntary self-disclosure of the bid-rigging of Triumph boards (*see* Dkt. 95 ¶ 4), including, for example, letters, presentations, or position papers prepared by its counsel, and, if not, must explain why not.

7.      The parties must further meet and confer in a good faith effort to resolve the issues raised in their discovery letter-motions without court intervention.

No later than **February 23, 2026**, the parties must submit a joint letter confirming that they complied with the directions set forth above, updating the Court as to whether they have resolved any of the issues in dispute, and – as to any issues remaining unresolved – reporting any developments relevant to those issues. As the parties are aware, it is the Court's practice to decide discovery disputes at the Rule 37.2 conference, when possible, based on the parties' letters and the arguments presented during the conference. The Court anticipates doing so on February 25, 2026.

Dated:  New York, New York            SO ORDERED.
        February 17, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2