UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSSMAN SALES COMPANY, INC.,

Plaintiff,

-against-

VWR INTERNATIONAL, LLC,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  02/25/26

20-CV-2869 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during the February 25, 2026 discovery conference, the parties' January 26, 2026 discovery letter-motions (Dkts. 131, 132, 133) are resolved as follows.

1.     **Defendant's Motion**

a.     The "Document Dump" (Dkt. 131 at 4). Plaintiff Sussman Sales Co. Inc. (Sussman) has not yet complied with ¶ 1 of this Court's February 17, 2026 Order (2/17/26 Order) (Dkt. 139). No later than **March 6, 2026**, counsel for the parties, accompanied by their respective Relativity representatives, must meet and confer in real time and in good faith in an effort to agree upon a protocol (which may consist of what plaintiff calls a "production overlay," *see* Dkt. 140 at 3) reasonably designed to remove irrelevant documents from plaintiff's production, including (but not necessarily limited to) documents that hit on "Johnson," "CDW," or "Universal," but that are not substantively responsive to defendant's requests for production (RFPs). Plaintiff must also provide an estimate of how many documents will be removed through the implementation of the proposed protocol. Plaintiff is reminded that unless the parties have agreed otherwise, it is ultimately the responsibility of the

party producing documents in response to RFPs to make good-faith efforts (which may require the application of human intelligence, *i.e.*, document review by human beings) to identify, collect, and produce only "the items actually sought." 8B Charles Alan Wright & Authur R. Miller, *Federal Practice and Procedure* § 2213, at 189-90 (3d ed. 2010); *see also Pincus L. Grp., PLLC v. MJ Connections, Inc.*, 2025 WL 1070384, at *4 (E.D.N.Y. Apr. 9, 2025) (ordering plaintiff, which had over-produced "potentially relevant" documents, to re-produce only documents "that are relevant to the current dispute"); *Maurer v. Sysco Albany, LLC*, 2021 WL 2154144, at *8 (N.D.N.Y. May 27, 2021) (approving search protocol requiring an initial electronic search followed by various techniques to "narrow the existing universe of approximately 27,000 documents," including human review of emails).

b.   <u>VWR's Proposed Search Terms (Dkt. 131 at 5)</u>. Plaintiff has run defendant's proposed search terms (*see* Dkt. 131-3), as required by ¶ 2 of the 2/17/26 Order, and has provided at least a preliminary hit count (totaling approximately 33,000) to defendant. It is not clear whether that hit count excludes documents previously produced. No later than **March 6, 2026**, counsel for the parties, accompanied by their respective Relativity representatives, must meet and confer in real time and in good faith in an effort to determine the *unique* hit count associated with each of defendant's proposed search terms and reach agreement on which of those proposed terms will be used to collect and produce additional documents (across all

2

of plaintiff's custodians, both "old" and "new"). Plaintiff is reminded that if it believes the proposed search terms are not well-tailored (that is, if they return an unreasonable number of documents that are not substantively responsive to defendant's RFPs), it is plaintiff's responsibility to demonstrate the problem, with concrete examples.

c.   Financial Documents (Dkt. 131 at 5-6). No later than **March 6, 2026**, in response to defendant's RFPs 1, 2 and 4 (second set), plaintiff must produce, for the calendar years 2017-2024: all of its extant sales projections, revenue projections, budgets, and profit-and-loss statements – across all product lines, not just Triumph Boards – whether audited or unaudited, whether kept on a monthly, quarterly, annual, or other basis, and whether maintained electronically or on paper. Additionally, plaintiff must produce all communications regarding the financial impact of the termination of the parties' contracts and Sussman's plans, projections, and efforts, whether successful or not, to replace the Triumph Board revenues and profits. In response to RFP 3 (second set), plaintiff must produce "the missing tax returns" (Dkt. 140 at 4) for the same years, or explain in writing why it cannot do so.

d.   Interrogatory No. 9 (Dkt. 131 at 7). Plaintiff represents that it has complied with ¶ 3 of the 2/17/26 Order, except that not all responsive documents are bates numbered. No later than **March 6, 2026**, plaintiff must (i) confirm in writing that it has produced all documents supporting its damages computation, including the documents it reviewed to arrive at the figures in

3

its most recent response to Interrogatory No. 9; (ii) produce all such documents *with bates numbers*; and (iii) list all such documents in one place, for avoidance of confusion.

e.   NYC Sales Email Distribution List/Additional Custodians (Dkt. 131 at 7-8). Plaintiff represents that it is still in the process of collecting documents from (i) all members of the NYC Sales email distribution, (iii) Gallucci, Seely, and Spadaro, and (iii) other individuals listed as having relevant information in its most recent supplemental Rule 26(a)(1) disclosures. (*See* Dkt. 140 at 2; Dkt. 137-4.) No later than **March 6, 2026**, plaintiff must confirm in writing that it has collected documents from all of these custodians (using both "old" and "new" search terms) and must produce the responsive documents thus collected. If and to the extent there are any custodians from whom plaintiff is unable to collect and produce documents (for example, because they left the company before this litigation was anticipated and their documents were not retained), plaintiff must identify each such custodian and explain the circumstances that prevent production.

f.   RFPs 5-10 (Dkt. 131 at 3). No later than **March 6, 2026**, plaintiff must update its written responses to defendant's RFPs 5-10 (second set) in accordance with the discussion at the February 25, 2026 conference.

g.   Contact Information for Former Employees (Dkt. 140 at 4). No later than **March 6, 2026**, plaintiff must provide the last known street addresses (home and work), telephone numbers (home, cell, and work), and email addresses (personal and work) for the *former* Sussman employees identified

4

in plaintiff's most recent supplemental Rule 26(a)(1) disclosures. (*See* Dkt. Dkt. 137-4.) It need not provide such information for current Sussman employees if they may be contacted through plaintiff's *counsel*.

2.      **Plaintiff's Motion**

a.      <u>Documents Produced to/Communications with DOJ (Dkt. 132 at 1)</u>. No later than **March 6, 2026**, defendant VWR International, LLC (VWR) must produce to plaintiff (to the extent it has not already done so) (i) all VWR documents produced to the Antitrust Division of the Department of Justice (DOJ) in connection with defendant's voluntary self-disclosure of the bid-rigging of Triumph Boards and related leniency proceedings; and (ii) all communications between VRW's counsel and DOJ in connection with the leniency proceedings, including any written request for leniency, the conditional and final leniency letters (which plaintiff's counsel must limit to "attorneys' eyes only" until and unless the parties stipulate or the Court orders otherwise), and the approximately 670 emails between defendant's counsel and DOJ. For avoidance of doubt, the Court reiterates its conclusion that (i) VWR has waived any otherwise-applicable privilege or immunity protecting these documents by disclosing them to DOJ, but (ii) VWR has not waived privilege more broadly by asserting, after an investigation, that Johnson was a "rogue employee." With respect to the VWR documents produced to DOJ, defendant must produce them to plaintiff bearing the production numbers used for DOJ (or otherwise identify them so that plaintiff knows precisely which documents were produced to DOJ). With

respect to the email communications, defendant has advised the Court that it may withhold a small number at the request of DOJ. If it does so, it must log those documents on its privilege log and advise DOJ that if the Government wishes to claim any privilege or immunity with respect to the withheld documents it must set forth the basis of its claim directly to the Court.

b.  Defendant's Privilege Log (Dkt. 132 at 1-2). No later than **March 6, 2026**, defendant must add to its privilege log all withheld communications between VWR and its outside counsel relating to the DOJ self-disclosure and leniency process and dated before April 7, 2020.

c.  Defendant's Categorical Privilege Log (Dkt. 132 at 1-2). No later than **March 6, 2026**, defendant must further revise categories 5, 9, 11 and 12 of its categorical privilege log (Dkt. 133) in accordance with the discussion at the February 25, 2026 conference.

d.  Communications with SEC (Dkt. 132 at 2). If it has not already done so, defendant must produce, no later than **March 6, 2026**, any communications between VWR and the Securities and Exchange Commission regarding whether it complied with (or violated) its corporate code of conduct with respect to the bid-rigging of Triumph Boards.

e.  Stubblefield and Broad (Dkt. 132 at 2-3). Plaintiff's request that the Court compel defendant to produce Mr. Stubblefield and Ms. Broad for deposition is denied as – among other things – premature.

6

The parties' discovery letter-motions (Dkts. 131, 132, and 133) are GRANTED IN PART AND DENIED IN PART as specified above. For avoidance of doubt, all relief not specified herein is DENIED. Both parties are reminded that the Court expects them to take their meet-and-confer responsibilities more seriously in the event of future discovery disputes, thereby conserving both their own resources and the Court's.

Dated: New York, New York          **SO ORDERED.**
       February 25, 2026

_____

**BARBARA MOSES**
**United States Magistrate Judge**