UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSSMAN SALES COMPANY, INC.,

          Plaintiff,

    -against-

VWR INTERNATIONAL, LLC,

          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __05/01/26__

20-CV-2869 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during the April 30, 2026 discovery conference, the Court GRANTS IN PART defendant's April 8, 2026 discovery letter-motion (Def. Mot.) (Dkt. 149), imposes a discovery sanction upon plaintiff, and adjusts the briefing schedule for plaintiff's April 24, 2026 discovery letter-motion (Dkt. 156).

### Defendant's Motion is Granted in Part

1.     Protective Order. No later than **May 1, 2026**, the parties must submit their signed Amended Stipulated Confidentiality Agreement and Protective Order, in the form proposed by defendant and agreed to on the record by plaintiff's counsel during the discovery conference. *See* Def. Mot. Ex. D. No later than **May 4, 2026**, defendant must produce (or, if previously produced, must identify) all documents that it has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.     Production Overlay. No later than **May 4, 2026**, plaintiff must provide defendant with written confirmation as to the precise search terms and strings it used to exclude irrelevant documents through its "production overlay." *See* Def Mot. ¶ 1.

3.     Search Terms. The parties have been discussing proposed search terms and strings for plaintiff's supplemental ESI search for months. *See* Dkt. 139 ¶ 2; Dkt. 141 ¶ 1(b). If they cannot agree on such terms by **May 8, 2026**, they must, no later than **May 11,**

**2026**, submit a joint letter to the Court with their respective proposals attached, for the Court's decision.

4.    <u>Custodians</u>. No later than **May 4, 2026**, plaintiff must provide defendant with written confirmation as to which custodians were included in its search and production. *See* Def. Mot. ¶ 7.

5.    <u>Interrogatory No. 11</u>. No later than **May 14, 2026**, plaintiff must answer defendant's Interrogatory No. 11, *see* Def. Mot. Ex. E, at 3, narrowed as follows:

Identify all NYC DOE employees or agents, or former employees or agents (including by name and email address), that Sussman communicated with ~~or would have information relevant to~~ *regarding* Sussman's sales and marketing of all interactive flat panel displays, including the Product, at any and all NYC DOE schools, including but not limited to the schools identified in Exhibits 1 and 2.

**<u>Defendant is Entitled to Recover its Reasonable Fees and Expenses</u>**

"Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Cardwell v. Davis Polk & Wardwell LLP*, 2021 WL 2650371, at *2 (S.D.N.Y. June 28, 2021) (quoting *Seena Int'l, Inc. v. One Step Up, Ltd.*, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016)). When the district court grants a motion to compel discovery pursuant to Rule 37(a) (or the discovery is provided only after the motion is filed), the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless (among other things) the opposing party's "nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). Likewise, when the district court grants a motion to enforce a prior discovery order pursuant to Rule 37(b)(2), it "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

2

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). It is thus "generally appropriate, at a minimum, to require a party that has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party in seeking disclosure and[] in seeking discovery sanctions." *Gardner-Alfred v. Fed. Rsrv. Bank of New York*, 2023 WL 3495091, at *8 (S.D.N.Y. May 17, 2023). The only predicates to the imposition of sanctions under Rule 37(b) are a "court order directing compliance with discovery requests" and "non-compliance with that order." *Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*, 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017); *see also Oz v. Lorowitz*, 2011 WL 803077, at *2 (S.D.N.Y. Mar. 7, 2011) (Rule 37(b) applies "notwithstanding a lack of wilfulness or bad faith") (quoting *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 134989, at *4 (S.D.N.Y. Jan. 17, 2003)).

Here, defendant sought relief pursuant to both Rule 37(a) and Rule 37(b)(2). As to some aspects of the parties' dispute, plaintiff provided the requested documents or information (which was already overdue) after defendant filed its motion.[1] In other instances, plaintiff continued to object to relevant and proportional discovery requests (for example, Interrogatory No. 11) without substantial justification. Moreover, plaintiff has a history of failing or refusing to produce discovery, and then failing to comply with the resulting discovery orders by the deadline ordered by the Court (or even by the extended deadline agreed upon, in many instances, between the parties). *See, e.g.*, Dkts. 118, 122, 126, 141. Consequently, plaintiff and its counsel must pay the reasonable fees and expenses incurred by defendant in preparing and pursuing its April 8, 2026

---

[1] In its responding letter-brief, filed on April 13, 2026, defendant promised to produce various categories of documents and information "within one week." Dkt. 151 at 1-1.

3

letter-motion (including fees for one of defendants' attorneys to prepare for and attend the April 30, 2026 discovery conference).

No later than **May 8, 2026**, defendant must either (1) advise the Court in writing that the parties have resolved the amount of the sanction, or (2) submit its fee application, supported by admissible evidence as to all sums requested, including disclosure of the hourly rate actually charged to and paid by the client (or other fee arrangement) and properly authenticated copies of counsel's relevant time and expense records. Plaintiff may file a response to the application, limited to the reasonableness of the fees and expenses sought, no later than **May 15, 2026**. Absent further order of the Court, no reply will be required or accepted.

### Plaintiff's Reply Deadline is Extended

Plaintiff's optional reply in further support of its pending discovery motion at Dkt. 156 is due no later than **May 4, 2026**.

If the parties wish to seek a further extension of the overall discovery deadlines set forth (most recently) at Dkt. 126, they must do so promptly. The parties are reminded that this case is six years old, and multiple extensions have already been granted.

Dated: New York, New York　　　　　**SO ORDERED.**
　　　　　May 1, 2026

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**BARBARA MOSES**
　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

4