UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6/11/26
```

SUSSMAN SALES COMPANY, INC.,

Plaintiff,

-against-

VWR INTERNATIONAL, LLC,

Defendant.

20-CV-2869 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the May 18, 2026 letter-motion filed by plaintiff Sussman Sales Co., Inc. (Sussman), requesting various items of discovery relief (Pl. Mot.) (Dkt. 170); the May 21, 2026 opposition letter filed by defendant VWR International, LLC (VWR) (Def. Opp.) (Dkt. 172); the May 22, 2026 supplemental letter filed by VWR (Def. Supp. Ltr.) (Dkt. 173); the May 25, 2026 reply letter filed by Sussman (Pl. Reply) (Dkt. 174); and the May 28, 2026 letter, filed by VWR, requesting leave to file a sur-reply in further opposition to Sussman's motion (Dkt. 175).

Sussman requests four categories of relief:

(i)    Sanctions, presumably pursuant to Fed. R. Civ. P. 37(a)(5)(A),[1] for VWR's failure to produce documents that it previously provided to the Department of Justice (DOJ) – until this Court directed it to do so as part of an omnibus discovery order issued on February 25, 2026. *See* Pl. Mot. at 1; 2/25/26 Order (Dkt. 141) ¶ 2(a).

(ii)   Sanctions, presumably pursuant to Rule 37(a)(5)(A), for VWR's failure to make certain corrections to its categorical privilege log – until this Court ordered it to do so as part of the same omnibus discovery order issued in February. *See* Pl. Mot. at 2; 2/25/26 Order ¶ 2(b).

(iii)  An order compelling VWR to produce "documents provided to the Board of Directors concerning the unlawful bid rigging and minutes of [the] Board of

---

[1] Plaintiff cites Rule 37(a)(3), *see* Pl. Mot. at 2; Pl. Reply at 1, but it is Rule 37(a)(5)(A) which governs the award of expenses, including attorney's fees, when a discovery motion is granted. *See* Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(C), discussed below, governs the award of expenses when a discovery motion is granted in part and denied in part.

Directors' meetings referring to the criminal bid rigging or the application for conditional leniency." Pl. Mot. at 2.

(iv)    An order requiring VWR to "supplement its initial disclosures," in unspecified ways and for unspecified reasons, "within one week." Pl. Mot. at 2.

No conference is required. Sussman's motion will be denied.

As to plaintiff's belated request for sanctions, the Court reminds Sussman that the 2/25/26 Order resolved two separate multi-part letter-motions seeking various items of discovery. One of the underlying letter-motions was filed on January 26, 2026 by VWR (Dkt. 131); the other was filed on the same date by Sussman (Dkt. 132). Although VWR's letter-motion included a request for leave to seek sanctions for Sussman's asserted discovery misconduct, Sussman's letter did not include any comparable request. Moreover, the Court did not grant either side all of the relief it sought. *See* 2/25/26 Order ¶ 1(a)-(g) (granting seven items of discovery relief to VWR); *id*. ¶ 2(a)-(e) (granting four items of discovery relief to Sussman and expressly denying a fifth). The Court concluded by reminding both parties "that the Court expects them to take their meet-and-confer responsibilities more seriously in the event of future discovery disputes, thereby conserving both their own resources and the Court's," *id*. at 7, and did not award attorneys' fees or other expenses to either side. *Id*. This was well within the Court's "broad discretion" under Rule 37(a)(5)(C). *Uddin v. O'Brien Rest. Holding Co., LLC*, 2017 WL 11674895, at *3 (S.D.N.Y. Aug. 23, 2017) (Sullivan, J.) (quoting *Smith v. Conway Org., Inc.*, 154 F.R.D. 73, 78 (S.D.N.Y. 1994)). That rule states that, when a motion to compel is granted in part and denied in part, the Court "may," but need not, "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

The Court sees no reason to revisit any aspect of the 2/25/26 Order now. *See Uddin*, 2017 WL 11674895, at *4 (denying plaintiffs' request for attorneys' fees in connection with an "earlier discovery dispute" as "inappropriate" where the court "granted Plaintiffs' requests in part and denied them in part, found some of them moot, and credited certain of Defendant's objections");

2

*Vinci Brands LLC v. Coach Servs. Inc.*, 2025 WL 2443620, at \*5-6 (S.D.N.Y. Aug. 25, 2025) (denying plaintiff's request for attorneys' fees in connection with prior discovery disputes where, among other things, both sides were "compelled to make productions"). Needless to say, the fact that Sussman itself was recently sanctioned for continuing discovery misconduct, including under Fed. R. Civ. P. 37(b)(2) (governing sanctions for failure to comply with a prior discovery order),[2] does not entitle it to retaliate by making a belated sanctions motion for fees incurred in connection with a long-resolved discovery dispute in which neither party prevailed entirely.

As to Sussman's request for an order compelling VWR to produce documents provided to the VWR Board of Directors regarding bid-rigging, VWR complains that Sussman did not raise the issue during the parties' recent meet-and-confers, *see* Def. Opp. at 1-2,[3] and states that it has now conducted a "thorough search," and that "there are no board minutes responsive to [plaintiff's] Requests for Production." Def. Supp. Ltr. at 1. In its reply letter, Sussman argues that the wording of VWR's letter "raises an issue about what 'reasonable search' was conducted" and whether there may be responsive documents, other than minutes, that were "provided to" the board. Pl. Reply at 2 (emphasis omitted).

Plaintiff has failed to demonstrate that VWR possesses any further responsive documents, and thus is not entitled to an order compelling such production. *See In re Terrorist Attacks on Sept. 11, 2001*, 2018 WL 4062638, at \*2 (S.D.N.Y. Aug. 27, 2018) (denying motion to compel

---

[2] *See Sussman Sales Co., Inc. v. VWR Int'l, LLC*, 2026 WL 1194533, at \*2 (S.D.N.Y. May 1, 2026) (granting discovery relief to VWR, including its expenses incurred in making that motion, in part because Sussman "has a history of failing or refusing to produce discovery, and then failing to comply with the resulting discovery orders by the deadline ordered by the Court (or even by the extended deadline agreed upon, in many instances, between the parties)").

[3] Sussman did raise the issue by email on Saturday, May 16, 2026. *See* Def. Supp. Ltr. Ex. 1, at ECF p. 2. On Monday afternoon, May 18, 2026, VWR's counsel replied: "Sorry for the delay. Our client is still running this down and we'll get back to you on this soon." *Id*. Sussman filed its present discovery letter-motion less than one hour later.

production of additional documents regarding certain entities because the moving parties "have not pointed to any concrete evidence suggesting that additional documents regarding these entities even exist"); *Hannah v. Wal-Mart Stores, Inc.*, 2014 WL 3735613, at *4 (D. Conn. July 28, 2014) (party seeking production of electronic documents must "make a concrete showing" that "responsive and relevant documents exist"). Additionally, Sussman has failed to demonstrate that it met and conferred with VWR in good faith regarding this issue, as required, before moving to compel and for sanctions. *See* Fed. R. Civ. P. 37(a)(1) (movant must certify that it "has in good faith conferred or attempted to confer with the . . . party failing to make disclosure or discovery in an effort to obtain it without court orders"). Should Sussman remain convinced, after good-faith negotiations (or further discovery), that VWR is withholding non-privileged documents provided to its Board of Directors concerning the bid-rigging at issue in this action, it may renew its motion to compel.

Finally, Sussman is not entitled to an order compelling VWR to supplement unspecified portions of its initial disclosures for unarticulated reasons.

For these reasons, plaintiff's May 18, 2026 letter-motion is DENIED, as is VWR's request for an award of its fees incurred in responding to that letter-motion, *see* Def. Opp. at 5, and its May 28, 2026 request for leave to file an unnecessary sur-reply.

The Clerk of Court is respectfully directed to close the motions at Dkts. 170 and 175.

Dated: New York, New York          SO ORDERED.
       June 11, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

4