USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 7/14/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSSMAN SALES COMPANY, INC.,

Plaintiff,

-against-

VWR INTERNATIONAL, LLC,

Defendant.

20-CV-2869 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Defendant VWR International LLC (VWR) moves by letter-motion dated July 13, 2026 (Sealing Mot.) (Dkt. 191) for an order sealing Exhibit 1 to plaintiff's July 8, 2026 discovery letter-motion (Dkt. 184-1) and for leave to file the same document under seal as Exhibit C to the Declaration of Kan Nawaday (Dkts. 192-3, 193-3). The document at issue is a supplemental privilege log (Privilege Log) that VWR clearly designated Confidential when produced, pursuant to the parties' Amended Stipulated Confidentiality Agreement and Protective Order (Protective Order) (Dkt. 160), but that plaintiff Sussman Sales Co., Inc. (Sussman) filed unsealed, as an exhibit to its recent discovery letter-motion. According to VWR, Sussman failed to provide advance notice to VWR, as required by ¶ 9 of the Protective Order. *See* Sealing Mot. at 1.

VWR argues that the Privilege Log "contains confidential and sensitive information related to VWR's business," including "specific communications" that occurred in connection with VWR's self-disclosure of anticompetitive activity to the Department of Justice (DOJ) in 2019, Sealing Mot. at 1, and thus that sealing is appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and its progeny. *Id*. The Court disagrees.

The 6-item Privilege Log discloses that former VWR employee Ahmed Mustafa was interviewed by DOJ in 2019, and that VWR's counsel took notes and wrote memos about the interview. However, the fact that Mustafa communicated with DOJ (in connection with a matter

now fully resolved) has been previously disclosed in this action, including by VWR, *see, e.g.*, Dkt. 186-3, at ECF pp. 3, 5, and the unsurprising fact that VWR's counsel took notes and wrote memos about his interview does not meet the *Lugosch* test. *See, e.g.*, *Raptor Trading Sys., Inc. v. Beth*, 2018 WL 11249125, at *2 (S.D.N.Y. Dec. 4, 2018) (concluding that Raptor's privilege logs, which revealed "the names of Raptor executives, officers, and inside counsel and generic descriptions of their communications," did not qualify for sealing).

Consequently, VWR's sealing motion (Dkt. 191) is DENIED. However, plaintiff Sussman must submit a letter, no later than **July 17, 2026**, demonstrating that it complied with ¶ 9 of the Protective Order or – if it did not – showing cause why it should not be sanctioned for violating a court order.

Dated: New York, New York
July 14, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**