USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 7/15/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSSMAN SALES COMPANY, INC.,

Plaintiff,

-against-

VWR INTERNATIONAL, LLC,

Defendant.

20-CV-2869 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's discovery conference, the parties' current discovery disputes are resolved as specified below.

**A. <u>VWR's June 5, 2026 Motion to Compel</u>**

The letter-motion filed by plaintiff VWR International, Inc. (VWR) on June 5, 2026 (Dkt. 176) is GRANTED IN PART, as follows:

1. **Disputed Search Terms**. Plaintiff Sussman Sales Co., Inc. (Sussman) must run VWR's two proposed modified search strings, as specified in the parties' joint letter dated May 11, 2026 (Dkt. 167), across all Sussman custodians:

   - Documents from October 1, 2018 to the present: **Whiteboard AND NOT (*@whiteboardadvisors.com OR "whiteboard advisors" OR Edmentum OR "Paul Joy" OR "GSV's News" OR "@morningbrew.com" OR "Carr (meeting rooms)")**
   - Documents from January 1, 2015 to the present: **(Dwayne OR Dwayne's) OR dwaynej***

   No later than **July 22, 2026**, Sussman must produce the (i) hit reports for the searches specified above and (ii) *all* of the documents that hit on the search terms, except those (if any) withheld for privilege. For avoidance of doubt: Sussman may

not withhold documents hit on by the two modified search strings set forth above based on a responsiveness review. Any documents withheld on privilege grounds must be logged in accordance with Local Civil Rule 26.2, and Sussman must produce the privilege log to VWR, along with the hit report and the documents, by the July 22, 2026 deadline.

2. **Sussman's Outstanding Production**. Sussman states that it complied with its obligation to produce the responsive documents hit on by the parties' *agreed-upon* search terms when it produced approximately 800 pages of documents on June 28, 2026. The Court notes that Sussman assured the Court that this production would be made by June 15, 2026, "at the latest." Dkt. 177 at 2. VWR states that the June 28 production cannot be what Sussman claims it to be, because many if not all of those 800 documents do not contain any of the agreed-upon search terms. Nonetheless, Sussman has done little or nothing to verify the content of its production (or supplement it if necessary) since June 28. Consequently, no later than **July 22, 2026**, Sussman must (i) consult with its discovery vendor as to what search terms were actually run in connection with its June 28, 2026 production; (ii) if necessary, run the *correct* searches, using the agreed-upon terms; (iii) produce the responsive documents generated thereby; and (iv) produce the underlying hit report(s) corresponding to both the June 28 production and the July 22 production.

3. **DOE School Contact Information**. No later than **July 22, 2026**, Sussman must comply with ¶ 5 of this Court's May 1, 2026 Order (Dkt. 158) by producing an updated list, including names *and email addresses* where known, of *all* NYC DOE employees or agents, or former employees or agents, that Sussman communicated

with regarding its sales and marketing of *all* interactive flat panel displays, including the Product, at *any and all* NYC DOE schools. The Court notes that this information was due by May 14, 2026, and Sussman is now more than two months late.

4. **Damages Spreadsheet**. No later than **July 22, 2026**, Sussman must comply with ¶ 1(d)(iii) of this Cout's February 25, 2026 Order (Dkt. 141) by listing *all* documents supporting its damages computation, including the documents it reviewed to arrive at the figures in its most recent response to Interrogatory No. 9, *in one place*, with Bates numbers. The Court notes that this information was due by March 6, 2026, and Sussman is now more than four months late.

**B. Sussman's June 29 and July 8, 2026 Letter-Motions to Compel**

Sussman's motion dated July 8, 2026 (Dkt. 184) is DENIED. VWR has adequately demonstrated that the withheld materials are attorney work product.

Sussman's motion dated June 29, 2026 (Dkt. 180) is GRANTED. VWR has not adequately demonstrated that the withheld materials are attorney work product. In fact, it failed to articulate (what it now contends to be) the basis for its claim of work product protection until July 14, 2026, when it did so in the form of a last-minute, unauthorized sur-reply brief with no evidentiary support. VWR has therefore waived that claim. No later than **July 22, 2026**, VWR must produce to Sussman the documents identified in Category 9 of its categorical privilege log.

**C. Sanctions**

With regard to the parties' respective requests for sanctions, the Court refrains from imposing additional discovery sanctions at this juncture. However, both parties are placed on notice that if either of them fails in any material way to comply with this Order – by the July 22,

2026 deadline– the recalcitrant party may be sanctioned in the form of a daily monetary fine, which will continue until it has fully complied with the discovery obligations set forth above. *See* Fed. R. Civ. P. 37(b)(2)(A) (if a party fails to obey a discovery order, the court may issue "further just orders" to sanction that misconduct); *In re Markus*, 78 F.4th 554, 570 (2d Cir. 2023) (upholding bankruptcy court order imposing a fine of $55,000 "for 55 days of noncompliance with the court's discovery orders," plus attorneys' fees); *In re Banco Sistema S.A. v. Pursuant To 28 U.S.C. § 1782 for Jud. Assistance in Obtaining Evidence for Use in Foreign & Int'l Proc. Pending in the Federative Republic of Brazil*, 2025 WL 4812615, at *3 (S.D.N.Y. Oct. 22, 2025) ("Courts in this Circuit have assessed daily fines for noncompliance with discovery orders in the range of $100 to over $1,000.") (collecting cases), *adopted sub nom. In re Banco Sistema S.A.*, 2026 WL 1735456 (S.D.N.Y. June 16, 2026); *Friedman v. SThree PLC.*, 2016 WL 7374546, at *8 (D. Conn. Oct. 24, 2016) (imposing fee-shifting sanctions *and* "additional monetary sanctions for each day that plaintiff's production . . . continues to be deficient").

**D. <u>Discovery Schedule</u>**

The current discovery schedule (*see* Dkt. 187 at 4) is further modified as follows:

The parties are to use their best efforts to substantially complete fact depositions by **September 4, 2026**. The parties are to complete all remaining fact discovery by **October 9, 2026**. The parties are to complete all expert discovery by **November 23, 2026**. The parties' deadline to propose a more detailed expert discovery schedule remains **August 28, 2026**. The parties should not expect any further extension of these deadlines.

Dated: New York, New York
July 15, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**