VENABLE LLP

151 WEST 42ND STREET 49TH FLOOR NEW YORK, NY 10036
T 212.307.5500 F 212.307.5598 www.Venable.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 7/21/26

July 20, 2026

Kan M. Nawaday
t 212.370.6240
KMNawaday@Venable.com

MEMO ENDORSED

**By ECF**
Hon. Barbara C. Moses
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, New York 10007

**Re:** ***Sussman Sales Co., Inc. v. VWR International, LLC, 20-cv-2869 (LTS) (BCM)***
*Letter-Motion for Stay of Production Pending Rule 72(a) Appeal*

Dear Judge Moses,

Defendant VWR International, LLC ("VWR") respectfully submits this letter-motion requesting a stay of the portion of the Court's July 15, 2026 Order (Dkt. 198, the "Order") directing VWR to produce communications and documents exchanged between VWR's General Counsel and VWR's auditor Deloitte regarding audit letters and ongoing litigations (the "Deloitte Materials"), pending resolution of VWR's objection to, and appeal of, the Order to Judge Swain pursuant to Rule 72(a). *Noel v. City of New York*, No. 15 CV 5236-LTS-KHP, 2018 WL 6786238, at *4 (S.D.N.Y. Dec. 12, 2018) ("A party may file an objection with a district judge to an order issued by a magistrate judge within 14 days of service of a copy of that order.") (citing Fed. R. Civ. P. 72(a)).

A party seeking a stay pending an appeal from, or objection to, a court order requires an assessment of four factors: (1) the likelihood of success on the merits; (2) whether the party seeking a stay will suffer irreparable injury without it; (3) whether the stay will substantially injure the other party; and (4) the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). An analysis of these factors militates in favor of granting VWR a stay.

***VWR Will Likely Succeed on the Merits***

VWR will likely succeed on the merits because the Court's decision directing it to produce these protected materials is clearly erroneous and contrary to law. *See Noel*, 2018 WL 6786238, at *12 (reversing magistrate's decision for error in analysis of deliberative process privilege claim as contrary to law); *Curto v. Med. World Commc'ns, Inc.*, No. 03CV6327 DRH MLO, 2007 WL 1452106, at *8 (E.D.N.Y. May 15, 2007) (same). In particular, the Court did not adequately address the substantive merits of whether the Deloitte Materials are protected attorney work product. Instead, the Court found that VWR had "waived" its work product claim over these

VENABLE LLP



materials because it had failed to timely articulate the basis for the work product protection and that its basis is inadequate. *Compare* Dkt. 198 at 3; *with Gray v. Cleaning Sys. & Suppliers, Inc.*, 143 F.R.D. 48, 49 (S.D.N.Y. 1992) ("I find it was clearly erroneous to disallow the privileges claimed without further inquiry once a prima facie showing of privilege was made").

*First*, VWR cannot be said to have waived its assertion of privilege over the Deloitte Materials. VWR has consistently designated the Deloitte Materials as privileged work product in its privilege log. *See e.g.*, Dkt. 180-1 at 5 (Item 9 of VWR's Privilege Log, as filed by Sussman). Its error, for which it sincerely apologizes, was only that it had misdescribed Deloitte's role as a consultant rather than an auditor and that the Deloitte Materials are subject to work product protection only. While VWR further apologizes for the late timing in providing this clarification, that does not mean that the materials are not protected work product. They are.

Clear precedent provides that an attorney's sharing of privileged materials with the client's auditor does not result in waiver. Cases are legion on this score. *See e.g.*, *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 229 F.R.D. 441, 445 (S.D.NY. 2004) (finding no waiver of work product protection over internal counsel's reports despite waiver of attorney client privilege over communications with its independent auditor); *In re Honeywell International, Inc.*, 230 F.R.D. 293, 300 (S.D.N.Y. 2003) (finding an "assertion of work product protection for its audit letters and litigation reports prepared by its internal [] counsel [and shared with auditors]. . . proper").

Here, the Deloitte Materials consist of emails between VWR's General Counsel and Deloitte, its auditor, concerning ongoing litigations and audit letters prepared by outside counsel about those litigations. Those emails attach litigation trackers concerning litigations in which VWR was involved at the time and audit letters prepared at the direction of VWR by its outside counsel, concerning ongoing litigations, including this very litigation. Indeed, such materials fall into the heartland of protected attorney work product, and the fact that they have been shared with an auditor does not waive that protection. *See Merrill Lynch*, 229 F.R.D. at 445. To the extent this proffer of the nature of the Deloitte Materials is insufficient, VWR respectfully requests an opportunity to submit the Deloitte Materials to the Court for *in camera* review. VWR intends to make the same request to the District Court in its appeal.

*Second*, any deficiency in VWR's privilege log does not extinguish the work product protection due to these materials. The Court's waiver finding appeared to rest in part on the content and timing of VWR's clarification of its privilege log descriptions. But deficiencies in a privilege log description do not waive the underlying substantive protection, especially when VWR has consistently maintained that these materials are protected attorney work product. *See Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK JCF, 2013 WL 4045326, at *3 (S.D.N.Y. Aug. 9, 2013) (declining to find waiver of privilege based on deficient privilege log descriptions).

VWR has also consistently and accurately described the Deloitte Materials as communications between in-house counsel and Deloitte related to regulatory filings and attaching attorney work product. Dkts. 180-1 (referring to emails and documents "exchanged between internal counsel and Deloitte regarding regulatory legal matters and filings" and "attachments . . . containing attorney work product"), 181 ("Deloitte was retained to assist with regulatory filings and the relevant communications and attachments concerned such filings."), 196 n.1 (describing the communications as emails "between (1) internal counsel and (2) Deloitte . . . related to regulatory legal matters and filings" and attachments "prepared by counsel in anticipation of litigation"). Any privilege log deficiency can be remedied through amendment, just as VWR has offered to and will do. But the damage of forced production is irreparable here.

For the foregoing reasons, VWR will likely succeed on the merits of its Rule 72(a) appeal.

***VWR Will Suffer Irreparable Damage Absent a Stay***

This factor weighs heavily in VWR's favor, and on its own, is sufficient to justify a stay. Here, the compelled production of documents protected by the work product doctrine results in irreparable harm. If VWR is required to produce the Deloitte Materials on July 22, 2026, any work product protection over those documents will be seriously compromised. No subsequent ruling by the District Court reversing the Order could undo the disclosure. The Second Circuit has specifically recognized that forced disclosure of privileged materials can work irreparable harm. *In re von Bulow*, 828 F.2d 94, 99 (2d Cir. 1987) ("Often, to deny review is to deny the privilege."). This district's precedent supports the issuance of a stay to avoid it. *In re Actos Antitrust Litig.*, No. 113CV09244RASDA, 2020 WL 8996696, at *2 (S.D.N.Y. Mar. 9, 2020) (finding that risk of privilege waiver through continued litigation risked irreparable harm warranting a stay pending appeal).

The irreparable harm here is particularly acute because of the tension between the production deadline and VWR's right to object. The Order requires production by July 22, 2026. Yet, VWR's deadline to file its objection under Rule 72(a) does not expire until July 29, 2026. VWR intends to file its objections with the District Court well within the 14-day period, but cannot do so prior to the July 22 production deadline. Without a stay, VWR will be required to produce the Deloitte Materials before the District Court has had any opportunity to review this Court's ruling, effectively nullifying VWR's right to seek review under Rule 72(a).

***Sussman Will Not Be Substantially Harmed by the Stay***

A brief stay will not substantially prejudice Sussman. First, the stay affects only the Deloitte Materials, which consist of two emails and their attachments. Second, discovery remains ongoing, where the Court recently extended the completion of fact discovery to October 9, 2026.

VENABLE LLP



Therefore, a brief stay relating to just the production of the Deloitte Materials will not materially impair Sussman's ability to prepare its case. Third, Sussman has no cognizable interest in receiving documents that are, in fact, protected work product. If VWR's objection is sustained by the District Court, Sussman was never entitled to the documents in the first place. If VWR's objection is overruled, the responsive documents will be produced promptly thereafter with no prejudice to Sussman.

***The Public Interest Supports a Stay***

Finally, the public interest supports a stay. The work product doctrine serves the vital public purpose of ensuring that attorneys can prepare cases thoroughly without fear that their mental impressions, legal analyses, and litigation strategies will be used by their adversaries to the detriment of their clients. *Haugh v. Schroder Inv. Mgmt. N. Am. Inc.*, No. 02 CIV.7955 DLC, 2003 WL 21998674, at *4 (S.D.N.Y. Aug. 25, 2003) ("Both the Supreme Court and this Circuit have repeatedly reaffirmed the 'strong public policy' underlying the work product privilege"). Compelling the premature production of documents that may ultimately be found to be protected work product would undermine the doctrine's purpose. *See United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998). No countervailing public interest is served by requiring the immediate production of the Deloitte Materials before the District Court can determine whether production is appropriate.

For the foregoing reasons, VWR respectfully requests that the Court stay that portion of its July 15, 2026 Order requiring VWR to produce the Deloitte Materials by July 22, 2026, pending resolution of VWR's appeal/objection to be filed with the District Court under Fed. R. Civ. P. 72(a). VWR intends to file those objections well within the 14-day period provided by Rule 72(a).

Plaintiff rejected VWR's request to consent to this stay request.

Respectfully submitted,

**VENABLE LLP**

By: <u>*/s/ Kan M. Nawaday*</u>
Kan M. Nawaday
Emily Seiderman West
Eva-Maria Ghelardi
Tel: (212) 370-6240 / (212) 503-9816 / (212) 218-2558

*Attorneys for VWR International, LLC*

Application GRANTED to the extent that the portion of the 7/15/26 Order that granted Sussman's motion to compel production of Category 9 of VWR's categorical privilege log, *see* Dkt. 198 at 3, is STAYED pending a resolution of VWR's forthcoming 72(a) objection to the District Judge. All other provisions of the 7/15/26 Order and discovery schedule remain in effect.

SO ORDERED.

<u>July 21, 2026</u>

**Barbara Moses, U.S.M.J.**