UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 8/21/26

SUSSMAN SALES COMPANY, INC.,

Plaintiff,

-against-

VWR INTERNATIONAL, LLC,

Defendant.

20-CV-2869 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated May 1, 2026, this Court compelled plaintiff Sussman Sales Company, Inc. (Sussman) to provide various items of overdue discovery to defendant VWR International, LLC (VWR), *see* 5/1/26 Order (Dkt. 158) at 1-2, and further ordered Sussman and its counsel to pay VWR's reasonable fees and expenses incurred in obtaining the discovery to which it was entitled. *See id*. at 2-4. After the parties failed to agree on the amount of the fee award, VWR filed the fee application now before the Court (Def. Fee Mot.) (Dkt. 164), seeking a total of $68,830.03 in attorneys' fees, representing 70.5 hours of work by two partners and two associates at Venable LLP (Venable), at "discounted" rates ranging from $748 to $1,355.75 per hour. In its opposition brief, Sussman accepts Venable's rates as reasonable, but argues that the hours spent on the underlying discovery motion and the fee application were excessive. *See* Pl. Mem. (Dkt. 169) at 4. The Court agrees. After carefully reviewing the parties' submissions, the Court will award a total of $35,854.70 in attorneys' fees to VWR, payable within 30 days.

## I. BACKGROUND

Discovery in this breach of contract action has been slow and, at times, contentious. Many of the delays are attributable to plaintiff VWR, which frequently failed or refused to produce requested discovery on a timely basis, requiring judicial intervention, and thereafter failed to

timely comply with the resulting discovery orders. *See, e.g.*, Dkts. 118, 122, 126, 139, 141. On April 8, 2026, VWR filed a five-page letter-motion (Def. 4/8/26 Letter) (Dkt. 149) alleging continued deficiencies in Sussman's discovery efforts. VWR sought an order compelling Sussman to provide various overdue documents and information (much of which Sussman had previously been ordered to produce), and imposing monetary sanctions pursuant to Fed. R. Civ. P. 37(a) and (b)(2). In the two pages of its moving letter devoted to sanctions, VWR argued that Sussman's "dilatory conduct reflects a pattern of continuously failing to meet discovery deadlines despite the Court's clear directives, multiple extensions, and self-imposed deadlines in this matter." Def. 4/8/26 Letter at 5. Sussman filed a two-page responding letter on April 13, 2026, in which it objected to one of VWR's interrogatories – as an "overbroad" "fishing expedition" – but otherwise acknowledged that "there have been delays," and promised to rectify those delays within one week. (Dkt. 151 at 2.) VWR filed a five-page reply letter on April 15, 2026 (Dkt. 153), devoting the last two pages to its request for sanctions.

On April 30, 2026, the Court held another discovery conference, attended by one lawyer for Sussman and two for VWR, during which it became apparent that the delays had not been fully rectified. At the conclusion of that conference the Court ordered Sussman to provide various categories of information, *see* 5/1/26 Order at 1-2; determined that a fee-shifting award was appropriate under Rules 37(a) and 37(b)(2), particularly in light of Sussman's "history of failing or refusing to produce discovery, and then failing to comply with the resulting discovery orders by the deadline ordered by the Court (or even by the extended deadline agreed upon, in many instances, between the parties)," *id.* at 3; and directed plaintiff and its counsel to pay "the reasonable fees and expenses incurred by defendant in preparing and pursuing its April 8, 2026 letter-motion (including fees for one of defendant's attorneys to prepare for and attend the April

30, 2026 discovery conference)." *Id*. at 3-4. In an effort to avoid the need for either side to expend additional fees on a fee application, the Court gave the parties a week to "resolve[] the amount of the sanction" before VWR filed its application. *Id*. at 4.

The parties were unable to resolve the amount of the sanction. Consequently, on May 8, 2026, VWR filed its 11-page fee motion, supported by the declaration of Kan M. Nawaday (Nawaday Decl.) (Dkt. 165), the co-chair of Venable's Investigations and White-Collar Defense practice, attaching (among other things) redacted copies of Venable's invoices to VWR for services rendered in this matter during April and May 2026, *see id*. Exs. 1, 2,[1] and spreadsheets summarizing the work for which defendant now seeks fees. *See id*. Ex. 7 (Spreadsheets). In total, VWR seeks $68,830.03 in attorneys' fees, representing 70.5 hours of work (including 55.2 hours spent on the underlying discovery dispute and 15.3 hours on the fee application itself) by four lawyers: Mr. Nawaday (6.1 hours at $1,355.75 per hour); partner Emily Seiderman West (9.8 hours at $1,447.50 per hour); fifth-year associate Eva-Marie Ghelardi (39.1 hours at $964.75 per hour); and second-year associate Jared Boone (15.5 hours at $748.00 per hour). *See* Nawaday Decl. ¶¶ 29-30. VWR does not seek fees for any clerk or paralegal time. Nor has it requested reimbursement of any out-of-pocket expenses.

On May 15, 2026, Sussman filed its memorandum of law and the declaration of its attorney Max Folkenflik (Folkenflik Decl.) (Dkt. 168), arguing that the requested hours are excessive and inadequately supported by the Venable's billing records. *See* Pl. Mem. at 2-8. However, Sussman does not challenge Venable's hourly rates, which, attorney Folkenflik acknowledges, are "comparable to the fees charged by other similar firms." Folkenflik Decl. ¶ 8.

---

[1] The May invoice is described as a "preliminary" invoice. Nawaday Decl. ¶ 15. Attorney Nawaday attests that "VWR will be billed and is expected to pay" both invoices. *Id*. ¶¶ 14, 15.

## II. ANALYSIS

The Court must now determine the fees reasonably incurred by VWR for Venable's legal work within the scope of the 5/1/26 Order. To do so, the Court conducts a "lodestar" analysis, multiplying "the relevant attorneys' reasonable hours spent on compensable tasks by a reasonable hourly rate for the services performed, so as to determine a 'presumptively reasonable fee.'" *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 2021 WL 1549916, at *2 (S.D.N.Y. Apr. 20, 2021) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)); *see also Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, 2013 WL 3322249, at *4 (S.D.N.Y. July 2, 2013) ("To determine the amount of attorneys' fees to which a prevailing party in a discovery dispute is entitled, the Court must calculate the 'presumptively reasonable fee,'" which "is calculated by multiplying the reasonable number of hours that the case requires by the reasonable hourly rate.") (citations omitted), *aff'd*, 679 F. App'x 33 (2d Cir. 2017).

### A. Hourly Rate

At the first stage of the lodestar analysis, the Court must determine "the reasonable hourly rate for each timekeeper for whom fees are sought." *Karsch v. Blink Health Ltd.*, 2019 WL 6998563, at *2 (S.D.N.Y. Dec. 20, 2019). The fee applicant "bears the burden of 'produc[ing] satisfactory evidence' that its requested rates are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703, at *4 (S.D.N.Y. Oct. 28, 2015) (alteration in original) (quoting *Pearson Educ., Inc. v. Vergara*, 2010 WL 3744033, at *6 (S.D.N.Y. Sept. 27, 2010)), *adopted sub nom. In re: Terrorist Attacks*, 2015 WL 9255560 (S.D.N.Y. Dec. 18, 2015).

Here, as noted above, Sussman does not challenge the reasonableness of the hourly rates that Venable charges to VWR, *see* Folkenflik Decl. ¶ 8, which – according to attorney Nawaday –

are "discounted 15%" from the firm's "customary rates." Nawaday Decl. ¶¶ 5, 7, 9, 11. The Court therefore assumes, without further analysis, that the requested hourly rates are reasonable. *See United States v. Keshner*, 794 F.3d 232, 236 (2d Cir. 2015) (noting that "courts have recognized an 'independent obligation' to scrutinize a fee petition" only in "limited circumstances, typically in situations implicating concerns regarding the adversarial process") (collecting cases); *Morgan Art Found. Ltd. v. Mckenzie*, 2026 WL 948730 at *3 (S.D.N.Y. Apr. 8, 2026) (accepting counsel's hourly rates as reasonable where opposing party raised no objection to those rates); *Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 590 (S.D.N.Y. 2025) ("Given that Plaintiff essentially concedes the reasonableness of the rates for Defendants' counsel, the Court assumes their rates are reasonable.").

Although Sussman does not object to Venable's requested rates, it argues that VWR has failed to show what fees it will actually "incur" because, as of the date of its fee application, its April and May invoices had not yet been paid. Pl. Mem. at 3. In our Circuit, however, courts routinely reject this argument. *See, e.g.*, *Oakley v. MSG Networks, Inc.*, 2025 WL 3041936, at *16 (S.D.N.Y. Oct. 31, 2025) ("[E]ven if attorneys' fees are accrued but not paid, a spoliating party may be required to pay those fees."); *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 2021 WL 1549916, at *3, 8 (S.D.N.Y. Apr. 20, 2021) (awarding fees to Charlestown, albeit at lower hourly rates than it sought, where the moving declarations did not state that those rates were actually charged to and paid by Charlestown); *Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co. Inc.*, 714 F. Supp. 3d 294, 304 (S.D.N.Y. 2024) (explaining that awards should be limited to fees and costs "incurred by the prevailing party; that is, sums that the fee applicant has actually paid – or is obligated to pay – to its counsel"), *adopted sub nom. Joint Stock Co.*

*"Channel One Russia Worldwide" v. Russian TV Co.*, 2024 WL 870813 (S.D.N.Y. Feb. 29, 2024). VWR's moving papers adequately establish that it has "incurred" the fees it seeks.

**B. Number of Hours Expended**

At the second stage of the lodestar analysis, the Court determines the reasonable number of hours expended on compensable tasks. *See Morgan Art Found.*, 2026 WL 948730, at *3 (S.D.N.Y. Apr. 8, 2026); *Karsch*, 2019 WL 6998563, at *4. Hours that are excessive, redundant, or otherwise unnecessary must be excluded. *Charlestown Cap. Advisors*, 2021 WL 1549916 at *5. "Attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." *StoneX Group, Inc. v. Shipman*, 2025 WL 1212165, at *6 (S.D.N.Y. Apr. 25, 2025) (quoting *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983)).

"As a concession to the mortality of judges, the law does not require a line-item review of fee applications." *O'Toole v. Allied Interstate, LLC,* 2012 WL 6197086, at *1 (S.D.N.Y. Dec. 12, 2012). Rather, if the court finds the requested hours excessive, redundant, or otherwise unnecessary, it "may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application.'" *McDonald ex rel Pendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)); *see also Top Jet Enters., Ltd. v. Kulowiec*, 2022 WL 1184245, at *5-6 (S.D.N.Y. Apr. 21, 2022) (applying 75% reduction to total hours spent on discovery dispute where the motion to compel was "over-litigated and over-staffed" and billing records revealed "vague entries and excessive research"); *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, 2013 WL 3322249, at *8 (S.D.N.Y. July 2, 2013), (applying a 75% reduction to attorney hours spent on discovery dispute due to "numerous inefficiencies and instances of excessive billing," particularly in light of "the relative simplicity of the matters in dispute"), *aff'd,* 679 F. App'x 33 (2d

Cir. 2017). Here, the Court finds that the total of 70.5 hours billed is excessive, given the routine nature of the underlying discovery dispute, the equally uncomplicated nature of the fee application, the inefficient allocation of work among multiple Venable lawyers, and the degree of success obtained, and consequently applies appropriate percentage reductions.

**1. Discovery Motion**

VWR seeks $54,589.55 in fees for a total of 55.2 hours spent on the underlying discovery motion, which required Venable to draft and file defendant's April 8 and April 15 letters (amounting to ten pages in the aggregate), and prepare for and attend the April 30 discovery conference (which lasted approximately 75 minutes). *See* Def. Mem. at 10-11; Nawaday Decl. ¶ 16. These tasks should not have required 55.2 hours.

Discovery disputes can be both legally and factually complex. But this discovery dispute was neither. To the contrary: VWR's motion was premised on the very basic proposition that Sussman, after agreeing or being ordered to complete various discovery tasks (in some cases more than once), had not yet done so.[2] There were no serious relevance disputes, no tricky privilege questions, and no complex fact issues. Likewise, VWR's request for sanctions (included in both its moving letter and its reply letter) was entirely straightforward, as both Rule 37(a)(5)(A) and Rule 37(b)(2)(C) provide for an award of fees to the prevailing party under these circumstances. It was therefore unreasonable for VWR's counsel to spend 36.4 hours (including 4.2 hours by partner Nawaday, 4.9 hours by partner West, 15.1 hours by fifth-year associate Ghelardi, and 12.2 hours

[2] VWR asserted, among other things, that Sussman had not yet provided the "production overlay" previously ordered by the Court; had not yet run certain search terms proposed by VWR weeks earlier or provided a hit report; had not yet confirmed whether certain damage-related documents and communications (which it had previously been ordered to produce) existed; had not yet provided a comprehensive list of the documents supporting its damages calculation, as previously ordered by the Court; had not yet produced documents in response to VWR's third set of document requests; and had not yet answered two of VWR's interrogatories. *See* Def. 4/8/26 Letter at 1-2.

by second-year associate Boone) preparing the April 8 and April 15 letters, and another 15.3 hours (including 1.4 hours by partner Nawaday, 1.4 hours by partner West, and 12.5 hours by fifth-year associate Ghelardi) preparing for and attending the April 30 discovery conference.[3] *See, e.g.*, *Magar v. Tika Indian Rest. LLC*, 2025 WL 1381876, at *3 (D. Conn. May 13, 2025) (reducing compensable time from 19.7 hours to 7.95 hours for litigating "two exceptionally simple motions," including a motion to compel discovery previously ordered by the court and a fee motion); *Roth v. Cheesecake Factory Restaurants, Inc.*, 2020 WL 1816196, at *3 (S.D.N.Y. Apr. 10, 2020) (reducing compensable time from 10.73 hours to 9.5 hours for plaintiff's preparation of three discovery letter-briefs that resulted in an order compelling defendant to produce video footage that it previously claimed not to possess); *KGK Jewelry LLC v. ESDNetwork*, 2015 WL 2129703, at *3 (S.D.N.Y. May 6, 2015) (reducing compensable hours by 40% "[g]iven the straightforward nature of the sanctioned conduct"); *Romeo & Juliette Laser Hair Removal*, 2013 WL 3322249, at *6 (reducing compensable time of attorney who prepared three discovery letters and attended conference by 75%, to 19.579 hours, where the letters "concerned only basic issues, were not substantive, and did not require a great deal of legal research"); *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 276 F.R.D. 105, 111-12 (S.D.N.Y. 2011) (reducing compensable time from 33 hours to 20 hours for the preparation of a motion to compel discovery, "[g]iven the relative simplicity of the motion"); *Rich Prods. Corp. v. Impress Indus., Inc.*, 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008) (reducing compensable time from 7.6 hours to 3 hours for preparing a motion to compel that was "not unusual or complex," and reducing compensable time for the reply brief, which required "additional research," from 13.8 hours to 9 hours).

[3] Only two of these attorneys – West and Ghelardi – attended the conference. In accordance with the 5/1/26 Order, VWR only seeks fees for West's attendance. *See* Nawaday Decl. ¶ 29.

Nor did the underlying discovery motion require the involvement of all four members of the Venable team, including two partners billing at over $1000 per hour. "[U]sing multiple attorneys in a simple case . . . poses the serious potential – fully realized in this instance – for duplication of work or overstaffing." *Tucker v. City of New York*, 704 F. Supp. 2d 347, 355-56 (S.D.N.Y. 2010) (reducing compensable hours of one attorney by one-third, and second attorney by one-half, in part because "this was not a case that required double staffing"); *see also ACE Ltd. v. Cigna Corp.*, 2001 WL 1286247, at *3 (S.D.N.Y. Oct. 22, 2001) ("It is well-recognized that when more lawyers than are necessary are assigned to a case, the level of duplication of efforts increases.") (quoting *Gen. Elec. Co. v. Compagnie Euralair, S.A.*, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)).

Here, while Venable properly delegated much of the work on the discovery motion to its associates (who collectively billed 39.8 of the 55.2 hours spent on that motion), the motion simply did not require the combined attention of four different lawyers – resulting in multiple internal emails, conferences, and discussions – at rates ranging from $748.00 to $1,355.75. *See, e.g.*, Spreadsheets at ECF p. 2. Some reduction of the hours sought is therefore appropriate due to overstaffing. *See Lochren v. County of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) (summary order) (affirming 25% reduction in hours billed "because plaintiffs overstaffed the case, resulting in the needless duplication of work"); *StoneX Grp.*, 2025 WL 1212165, at *9 (reducing compensable hours by 65% where, among other things, "this matter was overstaffed and could have been litigated more leanly"); *Magar*, 2025 WL 1381876, at *4 (disallowing time of two of the four lawyers who worked on the underlying motions because they "presented neither complexity nor difficulty" and did not require "two partner-level and two associate-level attorneys"); *Charlestown Cap. Advisors*, 2021 WL 1549916, at *7 (reducing time of senior

attorney by 25% because, even though underlying discovery motion was complex and Charlestown substantially prevailed, "it should not have required four attorneys, including two partner-level attorneys billing at over $1000 per hour, to achieve that degree of success"); *Saks Inc. v. Attachmate Corp.*, 2015 WL 2358466, at *5 (S.D.N.Y. May 15, 2015) (reducing compensable hours by 30%, in part because "the expenditure of three attorneys' and a law clerk's time was duplicative and unnecessary" to resolve "a fairly simple discovery dispute concerning a failure to produce documents").

Moreover, while VWR prevailed on its motion to compel, it did not obtain all of the relief it sought. For example, as Sussman points out, *see* Pl. Mem. at 5-6, the Court agreed that VWR's Interrogatory No. 11 was overbroad as written, and narrowed the interrogatory before compelling Sussman to answer it. 5/1/26 Order ¶ 5.[4] The "degree of success obtained" is an appropriate factor for a court to consider in determining a reasonable fee award. *See Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 2012 WL 5816878, at *9 (S.D.N.Y. Nov. 14, 2012) ("some reduction of counsel's time is appropriate based on Petitioners' limited success on their sanctions cross-motion"); *Metrokane, Inc. v. Built NY, Inc.*, 2009 WL 637111, at *1 (S.D.N.Y. Mar. 6, 2009) (noting, in the context of discovery sanctions, that that percentage reductions are "appropriate" for "work on unsuccessful claims and arguments"). However, since VWR was

[4] In addition, some of the discovery sought in VWR's April 8 moving letter was provided – or the dispute was otherwise resolved – before the April 30 conference. *See* Pl. Mem. at 6. However, under Rule 37(a)(5)(A), the court must award fees (unless one of the exceptions enumerated in the rule applies) not only if a motion to compel is granted, but also if the "requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A); *see also Wilson v. Town of Cheektowaga*, 2021 WL 2619714, at *2 (W.D.N.Y. June 25, 2021) ("[B]elated discovery responses following a requesting party's motion to compel do not avoid sanctions under Rule 37(a)(5)(A)."). Consequently, no reduction or apportionment of fees is required with respect to discovery documents or information provided only after the motion to compel was filed.

"largely successful" on the underlying discovery motion, *Oakley*, 2025 WL 3041936, at *7, only a modest additional reduction is required to account for its failure to obtain 100% success.

Taking all of these factors into account, the Court concludes that a 50% reduction to Venable's hours spent litigating the underlying discovery dispute is appropriate. Consequently, with respect to this portion of the fee application, Sussman and its counsel must compensate VWR as follows:

| Attorney | Requested Hours | Compensable Hours (50% Reduction) | Hourly Rate | Award |
|---|---|---|---|---|
| **Nawaday** | 5.6 | 2.8 | $1,355.75 | $ 3,796.10 |
| **West** | 9.8 | 4.9 | 1,147.50 | 5,622.75 |
| **Ghelardi** | 27.6 | 13.8 | 964.75 | 13,313.55 |
| **Boone** | 12.2 | 6.1 | 748.00 | 4,562.80 |
| **TOTAL** | | | | **$ 27,295.20** |

### 2. Fee Application

VWR seeks an additional $14,240.48 in fees for the 15.3 hours spent by three Venable attorneys – Nawaday, Ghelardi, and Boone – to prepare the instant fee application. Def. Mem. at 10-11; Nawaday Decl. ¶¶ 16, 28. Nawaday attests that "Venable had to conduct research to determine and brief the legal standards for determining reasonable attorney's fees, gather supporting data on prevailing law firm rates in S.D.N.Y., draft the memorandum of law and supporting declaration, gather supporting exhibits, and review, redact, and summarize" the firm's billing materials. *Id.* ¶ 28.

It is well-settled that "[a]ttorneys are generally entitled to recover the reasonable cost of making a fee application." *SA Luxury Expeditions, LLC v. Schleien*, 2023 WL 8072914, at *4 (S.D.NY. Nov. 21, 2023) (citation omitted). The Court further notes that almost all of the work on

the fee application was performed by associates Ghelardi (11.5 hours) and Boone (3.3 hours). Def. Mem. at 10. Partner Nawaday billed only half an hour to the fee application, and partner West was apparently not involved at all. *Id*. However, Sussman once again objects to the number of hours for which compensation is sought, arguing that it could not have taken more than "15 minutes" to perform the necessary research on the applicable legal standards, Pl. Mem. at 4, and that there was no need for VWR to gather data on prevailing law firm rates in this District because "just months before the fee application was made, Sussman's counsel had advised VWR that he conceded that the rates charged [by] Venable were comparable to rates charged by similar firms." *Id*.

VWR is correct that the legal standards governing fee applications in our Circuit are both straightforward and well settled. They are also well known to Venable, which outlined those standards comprehensively in its brief in support of VWR's April 21, 2025 fee application, filed in this action after VWR made and won a motion under Fed. R. Civ. P. 11. *See* Def. Rule 11 Fee Mem. (Dkt. 97) at 2-7.[5] Indeed, most of the "Applicable Law" section of VWR's present fee application is taken directly from the "Applicable Law" section of its Rule 11 fee application. *Compare* Def. Fee Mot. at 1-5 *with* Def. Rule 11 Fee Mem. at 2-5. Likewise, the portion of VWR's current application devoted to the credentials of its lawyers and the reasonableness of their hourly rates – *including* the data regarding rates charged by comparable firms – is almost identical to the corresponding portion of the Rule 11 fee application that it filed last year. *Compare* Def. Fee Mot.

[5] The April 21, 2025 application followed the decision of the Hon. Jennifer H. Reardon, United States District Judge, to award sanctions to VWR pursuant Rule 11 for the reasonable attorneys' fees and costs that it incurred in responding to the portion of Sussman's Second Amended Complaint that improperly – and in defiance of a prior order by Judge Reardon – reasserted plaintiff's previously-dismissed claims for punitive damages and fraudulent inducement. *See Sussman Sales Co., Inc. v. VWR Int'l, LLC*, 2025 WL 1004729 (S.D.N.Y. Apr. 1, 2025). VWR's Rule 11 fee application remains pending before the Hon. Laura Taylor Swain, Chief United States District Judge, to whom this action was reassigned on April 28, 2025.

at 7 ("Based on public filings by firms that disclosed their 2023, 2024, and 2025 rates, other well-regarded, large firms in New York City have charged hourly rates in the range of $1,120 to $2,230 for partners, $1,300 to $2,095 for counsel, and $585 to $1,475 for associates.") *with* Def Rule 11 Fee Mem. at 7 ("Based on public filings by firms that disclosed their 2023 and 2024 rates, other well-regarded, large firms in New York City have charged hourly rates in the range of $1,120 to $2,230 for partners, $1,300 to $2,095 for counsel, and $585 to $1,475 for associates.").[6]

To be sure, preparation of the current fee application also required Venable to assemble and redact its billing materials associated with the underlying discovery dispute (and the current application), and present argument as to the reasonableness of the staffing decisions made and hours devoted to those matters. However, the total of 15.3 hours spent by Venable attorneys on an uncomplicated fee application – half of which was recycled from an earlier application by the same firm in the same case – appears to be somewhat excessive. *See SA Luxury Expeditions*, 2023 WL 8072914, at *4 (finding 9.6 hours spent preparing a fee application "excessive" and applying a 50% reduction); *Best Payphones, Inc. v. Dobrin*, 2017 WL 11456613, at *4 (E.D.N.Y. June 27, 2017) (reducing compensable hours for fee application by New York City from 8 hours to 5 hours, in part because the legal arguments contained in the application "have likely been made by the New York City Law Department on numerous occasions in the past" and were "straightforward

---

[6] It is not quite true, however, that attorney Folkenflik "advised VWR that he conceded that the rates charged [by] Venable were comparable to rates charged by similar firms." Pl. Mem. at 4. Rather, in a footnote at the end of his declaration in response to VWR's Rule 11 fee application (most of which was devoted to arguing that Judge Reardon erred in granting Rule 11 sanctions), Folkenflik argued that the time that VWR's counsel spent researching and briefing the reasonableness of Venable's rates compared to those of comparable firms was "unnecessary," because he had never *previously* argued that the firm's rates were too high. (Dkt. 105 at 7 n.2.) That footnote fell far short of a guarantee that Sussman would not challenge Venable's rates in the future.

and simple"). I therefore conclude that a 40% reduction to Venable's hours spent preparing the pending fee application is appropriate, as follows:

| Attorney | Requested Hours | Compensable Hours (40% Reduction) | Hourly Rate | Award |
|---|---|---|---|---|
| **Nawaday** | 0.5 | 0.3 | $1,355.75 | $ 406.73 |
| **Ghelardi** | 11.5 | 6.9 | 964.75 | 6,656.78 |
| **Boone** | 3.3 | 2.0 | 748.00 | 1,496.00 |
| **TOTAL** | | | | **$ 8,559.50** |

## III. CONCLUSION

For the reasons stated above, Sussman and its counsel must pay VWR $27,295.20 for its reasonable attorneys' fees incurred in preparing and pursuing its April 8, 2026 discovery letter-motion, and an additional $8,559.50 for its reasonable fees incurred in connection with the present application, for a total of $35,854.70. Payment is to be made within 30 days.

Dated: New York, New York
August 21, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**