USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 9/15/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSSMAN SALES COMPANY, INC.,
Plaintiff,
-against-
VWR INTERNATIONAL, LLC,
Defendant.

20-CV-2869 (LTS) (BCM)

**ORDER DENYING STAY PENDING RULE 72 OBJECTIONS**

**BARBARA MOSES, United States Magistrate Judge.**

On September 3, 2026, plaintiff Sussman Sales Company (Sussman) filed a letter-motion (Pl. Stay Mot.) (Dkt. 210) seeking a stay of this Court's August 21, 2026 order (Fee Order) (Dkt. 209), which fixed the amount of an attorneys' fee award previously assessed against Sussman as a discovery sanction, pending the resolution of Sussman's forthcoming objections to the Fee Order. On September 4, 2026, Sussman filed its objections (Pl. Objs.) (Dkt. 211) pursuant to Fed. R. Civ. P. 72(a). Also on September 4, 2026, defendant VWR International, LLC (VWR) filed a letter (Def. Stay Opp.) (Dkt. 212) opposing Sussman's stay motion. On September 8, 2026, Sussman filed a reply letter (Pl. Stay Reply) (Dkt. 213) in further support of its stay motion. For the reasons that follow, the stay motion will be denied.

## Background

Discovery in this breach of contract action has been slow and, at times, contentious. Many of the delays are attributable to plaintiff Sussman, which frequently failed or refused to produce requested discovery on a timely basis, requiring judicial intervention, and thereafter failed to timely comply with the resulting discovery orders. *See*, *e.g.*, Dkts. 118, 122, 126, 139, 141. On April 8, 2026, defendant VWR filed a discovery letter-motion (Dkt. 149) alleging continued deficiencies in Sussman's discovery efforts. VWR asked the Court to compel Sussman to provide a variety of overdue documents and information (much of which Sussman had previously been

ordered to produce), and to assess sanctions pursuant to Fed. R. Civ. P. 37(a) and (b)(2). After full letter-briefing, and a discovery conference on April 30, 2026, I granted VWR's motion in part, *see* 5/1/26 Order (Dkt. 158) at 1; directed Sussman to complete various discovery tasks, *see id*. at 1-2; analyzed VWR's sanctions request, *see id*. at 2-4; and granted it, concluding that "plaintiff and its counsel must pay the reasonable fees and expenses incurred by defendant in preparing and pursuing its April 8, 2026 letter-motion[.]" *Id*. at 3-4. In an effort to avoid the need for either side to expend additional fees on a fee application, the Court gave the parties a week to "resolve[] the amount of the sanction" before the deadline for VWR to file its application. *Id*. at 4.

Sussman did not object to the 5/1/26 Order. However, the parties were unable to resolve the amount of the sanction. Consequently, on May 8, 2026, VWR filed an application seeking a total of $68,830.03 in attorneys' fees, representing 70.5 hours of work by two partners and two associates at Venable LLP (Venable). *See* Dkt. 164 at 10-12. Sussman opposed the application, arguing that the award sought was inadequately supported by the firm's billing records, *see* Dkt. 169 at 3; that the time Venable spent on the underlying discovery motion was excessive, *see id*. at 3-4; and that fees should be "apportioned" because the Court did not grant all of the discovery relief that VWR requested and because some of the delays were unavoidable. *See id.* at 5-7. On August 21, 2026, I issued a reasoned opinion in which I agreed with Sussman in part (that the award should be reduced for excessive hours and because VWR did not "obtain 100% success" on "the underlying discovery motion"), *see* Fee Order at 7-11; fixed the amount of the sanction at $35,854.70, *see id*. at 14; and ordered that payment be made "within 30 days." *Id*. Because September 20, 2026 is a Sunday, the sanction must be paid by September 21, 2026.

**The Stay Motion and the Objections**

In its stay motion, Sussman argues that its payment obligation should be suspended, pending the outcome of its objections, because: (1) "VWR recently requested and received a stay of sanctions payable to Sussman" pending a ruling on VWR's Rule 72(a) objections; (2) it would be "unfair and inappropriate" for this Court to enforce a discovery sanction against Sussman without requiring VWR to pay "offsetting sanctions" in connection with an earlier discovery dispute in which this Court directed VWR to produce certain communications with the United States Department of Justice (DOJ) but did *not* assess sanctions; and (3) the Fee Order "fails to address the merits of Sussman's objection to production or the reasons for Sussman's delay in production of four damage-related documents." Pl. Stay Mot. at 1. Sussman adds that, "[g]iven the modest financial sanction in the [Fee] Order, VWR would not be harmed by any delay." *Id*.

In its objections, filed the next day, Sussman makes some of the same arguments, urging the district judge to set aside the Fee Order as "clearly erroneous or contrary to law," Fed. R. Civ. P. 72(a), because:

- The Fee Order is "inconsistent" with this Court's "July 15, 2026 ruling that fines would be imposed instead of sanctions," *see* Pl. Objs. at 2, 6;
- The Venable invoices submitted to this Court were inadequate to support the fee award because they were "highly redacted" and had not yet been sent to or paid by the client, *see id*. at 7;
- It would be "unfair and inappropriate" for this Court to enforce a discovery sanction against Sussman without ordering "offsetting sanctions" to be paid by VWR in connection with an earlier discovery dispute in which this Court directed VWR to produce certain communications with the DOJ but did *not* assess sanctions, *see id*. at 2, 8-9;
- The Fee Order failed to address whether Sussman's discovery failures were "substantially justified" or whether a sanction award would be "unfair," *id*. at 2, 9-10; and

- It was "unfair" for the Court to impose a discovery sanction "jointly and severally against a client and counsel" without first conducting "a hearing" to determine "which of them is responsible for any failure to produce." *Id*. at 2.

In its opposition to the stay motion, VWR argues that Sussman fails to identify or apply the factors that a district court must consider when faced with a stay motion, as set out in *Nken v. Holder*, 556 U.S. 418 (2009), *see* Def. Stay Opp. at 2-3; that "one party's stay does not justify another party's stay," *id*. at 2; that Sussman's request for "offsetting" sanctions represents an impermissible attempt to raise untimely objections to a discovery order that this Court issued many months ago, to which Sussman failed to object at the time, *see id*. at 3; and that Sussman's attempt to raise the merits of its discovery position (or the reasons why its production was delayed) is likewise untimely, as Sussman failed to object to the 5/1/26 Order, which is when the Court granted VWR's request for sanctions, leaving only the amount of the award for future determination. *See id*. Turning to the *Nken* factors, VWR argues that Sussman is not entitled to a stay because it has not met its burden of showing *either* that it is likely to succeed on the merits of its objections *or* that it will suffer irreparable injury without a stay. *See id*. at 4.

In reply, Sussman reiterates the points made in its opening letter; adds that the sanction fixed by the Fee Order, although "modest," is causing "a rupture in the attorney-client relationship" concerning "whether the client or Counsel is responsible for the sanction"; and advises that as a result of this rupture Sussman's counsel "has withdrawn[.]" Pl. Stay Reply at 1-2.[1]

**<u>Analysis</u>**

Courts consider four factors when determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the

---

[1] Attorney Max Folkenflik, Sussman's counsel of record, submitted his motion for leave to withdraw three days later, on September 11, 2026. *See* Dkt. 215.

merits; (2) whether [it] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties . . .; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *accord U.S. Sec. & Exch. Comm'n v. Daspin*, 557 F. App'x 46, 47-48 (2d Cir. 2014) (summary order). The same standard is used when a litigant seeks a stay of a magistrate judge's non-dispositive order pending the resolution of Rule 72(a) objections. *See*, *e.g.*, *In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 171128, at *1 (S.D.N.Y. Jan. 12, 2023). The first two *Nken* factors are the "most critical." *Nken*, 566 U.S. at 434. If they are not met, the court "need not address the remaining factors." *Daspin*, 557 F. App'x at 49.

*Irreparable Injury*

Plaintiff Sussman has failed to establish either a likelihood of success on the merits of its objections or irreparable injury. Taking the second factor first: An obligation to pay a sum of money (here, the concededly "modest" sum of $35,854.70) is not an irreparable injury. *See*, *e.g.*, *Sibanda v. Elison*, 2024 WL 5077663, at *1 (S.D.N.Y. Dec. 11, 2024) (denying Sibanda's motion to stay a $13,665.75 sanctions order pending appeal, because "Sibanda can avoid being held in contempt by complying with the Court's Order, and the resulting 'monetary loss will not amount to irreparable harm'") (cleaned up) (quoting *Chaney v. Vermont Bread Co.*, 2024 WL 3648205, at *1 (D. Vt. Aug. 5, 2024)), *appeal dismissed* (2d Cir. Jan. 30, 2025), *reconsideration denied,* 2024 WL 5108430 (S.D.N.Y. Dec. 13, 2024); *Chaney*, 2024 WL 3648205, at *1 (denying request for stay of $250,000 discovery sanction pending appeal, because "monetary loss generally does not constitute" irreparable harm); *Gesualdi v. Laws Constr. Corp.*, 759 F. Supp. 2d 432, 449 (S.D.N.Y. 2011) ("[M]erely restating that it would suffer a recoverable monetary loss[] [is] not irreparable injury."), *remanded on other grounds*, 485 F. App'x 450 (2d Cir. 2012).

Sussman's alternative theory of irreparable harm (improperly raised for the first time in its reply letter) is that the Fee Order has caused a "rupture in the attorney-client relationship" due to "conflict over who is obligated to pay for the sanction." Pl. Stay Reply at 1. However, this Court determined on May 1, 2026 that both "plaintiff and its counsel" must pay VWR's reasonable fees and expenses incurred in obtaining the discovery order issued that day. *See* 5/1/26 Order at 3. On August 21, 2026, the Court simply fixed the amount of the sanction. *See* Fee Order at 14 ("Sussman and its counsel must pay VWR . . . $35,854.70."). Sussman did not object to the 5/1/26 Order within 14 days, as required by Rule 72(a), and cannot do so now. *See David v. Weinstein Co. LLC*, 2020 WL 4042773, at *4 (S.D.N.Y. July 17, 2020) ("[T]he Second Circuit and courts within this Circuit have routinely held that failure to file objections to a magistrate judge's order in a timely manner operates as a waiver of such objections.") (collecting cases). Moreover, to the extent the conflict between attorney and client over who is responsible for paying the sanction constitutes "irreparable injury," a stay order would do nothing to prevent (or repair) it, particularly now that attorney Folkenflik is on record blaming his client for the sanction. *See* Pl. Stay Reply at 1-2 (asserting that "documents and testimony will show that Sussman is solely responsible").

*Likelihood of Success*

Nor has Sussman made a strong showing that it is likely to succeed on the merits of its Rule 72(a) objections. The standard by which a district judge reviews a non-dispositive discovery order issued by a magistrate judge is "highly deferential." *MPD Accessories B.V. v. Urb. Outfitters*, 2013 WL 7211833, at *1 (S.D.N.Y. Dec. 17, 2013) (Swain, J.) (quoting *Acupuncture Pain Services, P.C. v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 31309232, at *1 (S.D.N.Y. Oct. 15,

2002)).[2] Here, as noted above, the sole issue before the Court on VWR's fee application – and the only question decided in the Fee Order – was the *amount* of the fee award to VWR. Only one of Sussman's many objections squarely addresses that question: its complaint that the Venable invoices were inadequate to support the fee award because they were "highly redacted" and had not yet been sent to or paid by the client. Pl. Objs. at 7.

In *MPD Accessories*, the plaintiff raised a similar objection, complaining that the billing records of defendants' counsel did not adequately document "that such fees were actually incurred." 2013 WL 7211833, at *1. The district judge made short work of that objection, noting that although the bills were "not a model of clarity and completeness," the magistrate judge "had sufficient evidence on which to base the fee award" because defendants' counsel had submitted "declarations attesting to the hours worked and contemporaneous itemized time records showing specific legal work performed." *Id*. at *2 (record citations omitted). So too here. VWR submitted the declaration of its lead attorney, Kan M. Nawaday (Nawaday Decl.) (Dkt. 165), attaching Venable's detailed billing records (Dkts. 165-1, 165-2), which were redacted only to remove descriptions of legal work *other than* work eligible for a fee award (that is, work on the underlying discovery motion or the fee application itself). *See* Nawaday Decl. ¶ 14. Consequently, this Court had no difficulty determining what sanctions-eligible work was performed, or the rates at which VWR "will be billed and is expected to pay" for that work. *Id*. ¶¶ 14-15. Moreover, as explained in the Fee Order, courts in our Circuit "routinely reject" the argument that a party entitled to discovery sanctions must have actually paid (rather than accrued) the attorneys' fees it seeks. *See*

[2] The same standard is used to review a magistrate judge's decision to grant or deny a stay. *See*, *e.g.*, *Makhnevich v. Arrowood Indem. Co.*, 2024 WL 1020577, at *1 (S.D.N.Y. Mar. 8, 2024) (collecting cases and deferring to magistrate judge's decision to stay certain claims but not others).

Fee Order at 5 (collecting cases). Sussman is therefore unlikely to prevail on its objection to the quality of the fee evidence upon which I relied in determining the amount of the award to VWR.

Sussman is even less likely to prevail on its remaining objections to the Fee Order, because they are in reality attempts to challenge earlier discovery orders as to which Sussman has waived its right to object. For example, Sussman's contention that the Fee Order failed to address whether its discovery failures were "substantially justified" or whether a sanction award would be "unfair," Pl. Objs. at 2, 9-10, is misplaced, because those issues were considered and resolved months earlier. *See* 5/1/26 Order at 3 (explaining that Sussman would be sanctioned under Rules 37(a) and 37(b)(2) because, among other things, it "continued to object to relevant and proportional discovery requests . . . without substantial justification"). Likewise, as noted above, the decision to assess sanctions against both Sussman and its attorney was made on May 1, not August 21. *See* 5/1/26 Order at 3-4 ("[P]laintiff and its counsel must pay the reasonable fees and expenses[.]").[3]

Sussman's argument that it is entitled to "offsetting sanctions" from VWR, due to its "failure to produce hundreds of pages of documents and communications between VWR and the

[3] There is no requirement that culpability be apportioned between attorney and client when discovery sanctions are assessed. *See*, *e.g.*, *Merck Eprova AG v. Gnosis S.P.A.*, 2010 WL 1631519, at *6 (S.D.N.Y. Apr. 20, 2010) (Sullivan, J.) ("The Court has elected not to apportion liability between Defendants and defense counsel, under the belief that they are best suited to make that decision, and out of concern that requiring them to disclose information sufficient to determine apportionment could compromise attorney-client confidentiality."); *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 4727537, at *30 (S.D.N.Y. Sept. 26, 2019) (declining to apportion sanctions between plaintiffs and their counsel, thereby "permitting them to settle the issue among themselves without further public motion practice"), *aff'd sub nom. Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2020 WL 1479018 (S.D.N.Y. Mar. 26, 2020). In this case, moreover, neither Sussman nor its counsel raised the issue of apportionment before the undersigned magistrate judge, much less requested "a hearing" to resolve it. Pl. Objs. at 2. Consequently, this issue cannot be entertained under Rule 72(a). *See Kumaran v. Nat'l Future Ass'n*, 2024 WL 2330655, at *2 (S.D.N.Y. May 22, 2024); *Anderson v. Pheonix Beverage Inc.*, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015); *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 89 (S.D.N.Y. 2002).

Department of Justice," Pl. Objs. at 2, is in reality an untimely objection to an even older discovery order, issued on February 25, 2026, compelling each party to produce some (but not all) of the discovery sought by its opponent, but not sanctioning either side.[4] Neither party objected to 2/25/26 Order under Rule 72(a). Consequently, Sussman cannot do so now (more than six months later) under the guise of seeking "offsetting" sanctions in connection with the 8/21/26 Order.[5]

Sussman's final Rule 72(a) argument – that the Fee Order is "inconsistent" with my "July 15, 2026 ruling that fines would be imposed instead of sanctions," Pl. Objs. at 2, 6-7 – is both misleading and meritless. On July 15, 2026, I held yet another discovery conference, at which I resolved three additional motions to compel discovery and for sanctions (one filed by VWR on June 5, 2026, and two filed by Sussman on June 29 and July 8, 2026), ultimately requiring both sides to produce certain documents and information no later than July 22, 2026. *See* 7/15/26 Order (Dkt. 198) at 1-3 (resolving VWR's motion); *id*. at 3 (resolving Sussman's motions). At the conclusion of that conference, I resolved the parties' warring requests for sanctions as follows:

---

[4] In competing discovery motions filed on January 26, 2026, both Sussman and VWR complained – at length – that the other party's discovery efforts were inadequate, *see* Dkts. 131, 132, 133, 134, 135, 136, 137, but only VWR sought sanctions. I resolved all of the parties' competing claims during a discovery conference on February 25, 2026, after which I issued an order granting each side some but not all of the discovery relief it sought. *See* 2/25/26 Order (Dkt. 141) at 1-5 (compelling Sussman to perform seven discovery tasks); *id*. at 5-6 (compelling VWR to perform four discovery tasks, including the production of documents that it previously produced to the DOJ, and related communications, concerning the "bid-rigging" that prompted Sussman to terminate the parties' contract). The Court concluded by reminding both parties that it "expects them to take their meet-and-confer responsibilities more seriously in the event of future discovery disputes, thereby conserving both their own resources and the Court's," *id*. at 7, and did not award attorneys' fees or other expenses to either side. *Id*.

[5] This is the second time that Sussman has requested after-the-fact sanctions in connection with this Court's February 25, 2026 ruling. On May 18, 2026, Sussman moved for an award of sanctions against VWR because of its failure to produce the DOJ-related documents until this Court directed it to do so in the 2/25/26 Order. *See* Dkt. 170 at 2. On June 11, 2026, I denied that motion, seeing "no reason to revisit any aspect of the 2/25/26 Order now." 6/11/25 Order (Dkt. 178) at 2. Sussman did not object to the 6/11/26 Order under Rule 72(a).

> With regard to the parties' respective requests for sanctions, the Court refrains from imposing additional discovery sanctions at this juncture. However, both parties are placed on notice that if either of them fails in any material way to comply with this Order – by the July 22, 2026 deadline– the recalcitrant party may be sanctioned in the form of a daily monetary fine, which will continue until it has fully complied with the discovery obligations set forth above.

*Id*. at 3-4. The warning as to a future "daily monetary fine" was clearly tied to noncompliance with the 7/15/26 Order itself, and in no way modified the Court's prior ruling that Sussman and its counsel were required to "pay the reasonable fees and expenses incurred by defendant in preparing and pursuing its April 8, 2026 letter-motion." 5/1/26 Order at 3-4.

*What is Good for the Goose is Not Always Good for the Gander*

Because plaintiff has not satisfied its burden as to either of the two "most critical" *Nken* factors, 566 U.S. at 434, the Court "need not address the remaining factors." *Daspin*, 557 F. App'x at 49. That leaves only plaintiff's contention that this Court should stay the Fee Order because, on July 21, 2026, it granted VWR "a stay of sanctions payable to Sussman until VWR receives a ruling on its Rule 72(a) Objections regarding documents sent by VWR to its accountants, Deloitte & Touche." Pl. Stay Mot. at 1 ("We respectfully request the same consideration.").

Once again, Sussman's argument is both misleading and meritless. This Court did not stay "sanctions payable to Sussman." This Court has never issued "sanctions payable to Sussman." Rather, on July 21, 2026, this Court stayed the portion of its 7/15/26 Order directing VWR to produce certain documents shared with its auditor Deloitte (logged as "Category 9" on its privilege log) which were, according to VWR, protected from disclosure by the attorney work-product doctrine. *See* 7/15/26 Order at 3 ¶ B (directing VWR to produce the documents because it "has not adequately demonstrated that the withheld materials are attorney work product" and failed to raise its work-product claim until it filed a "last-minute, unauthorized sur-reply brief with no evidentiary

support"); Dkt. 201 at 4 (limiting stay to "the portion of the 7/15/26 Order that granted Sussman's motion to compel production of Category 9 of VWR's categorical privilege log").

The compelled production of documents subject to a potentially viable claim of privilege or work product protection may constitute irreparable injury. *See In re von Bulow*, 828 F.2d 94, 99 (2d Cir. 1987) ("Often, to deny review is to deny the privilege."); *Damon J. Baldone, LLC v. Starr Surplus Lines Ins. Co.*, 2024 WL 4188482, at *1-2 (E.D. La. Sept. 13, 2024) (granting stay of magistrate judge's order "requiring Defendants to produce certain documents over which they maintain a claim of privilege" because, among other things, "[o]nce information subject to the attorney-client privilege or work product doctrine is disclosed, the right of nondisclosure cannot be restored"); *Zander v. Craig Hosp.*, 2010 WL 1571213, at *2 (D. Colo. Apr. 20, 2010) (granting stay of order requiring defendants to produce documents over their claim of privilege, pending resolution of Rule 72(a) objections, because "it is likely that irreparable harm could result if a stay is not granted"). By contrast – as discussed above – the compelled payment of a "modest" discovery sanction by a solvent party does not constitute irreparable injury. *Sibanda*, 2024 WL 5077663, at *2; *Chaney*, 2024 WL 3648205, at *1. Consequently, the grant of a stay to VWR does not assist Sussman in meeting its own burden under *Nken*.

**Conclusion**

For the reasons set forth above, Sussman's letter-motion (Dkt. 210) seeking a stay of this Court's Fee Order pending the disposition of Sussman's objections to that order is DENIED. The payment remains due by September 21, 2026.

Dated: New York, NY
September 15, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**