FOLKENFLIK & McGERITY LLP
ATTORNEYS AT LAW
1500 BROADWAY
New York, New York, 10036
Cell: (917) 613-9700
WRITER'S E-MAIL: mfolkenflik@fmlaw.net

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 9/28/26

September 28, 2026

***Filed by ECF***

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street,
Courtroom 20A
New York, NY 10007-1312

Application DENIED.

SO ORDERED.

September 28, 2026

**Barbara Moses**
**United States Magistrate Judge**

Re: *Sussman Sales Co., Inc.* v. *VWR International, LLC*, 20-cv-2869 (LTS)(BCM)

Dear Judge Moses,

I am writing to respectfully request reconsideration of the Court's September 15, 2026 denial of a stay (Dkt. No. 218 the "Order Denying a Stay") of the Sanction Order issued on August 21 against Plaintiff Sussman Education Inc. ("Sussman") and its counsel Folkenflik & McGerity LLP (Dkt. No. 209, the "Sanction Order"). The sanction was issued in favor of VWR International LLC ("VWR") pursuant to this Court's order of May 1, 2026 (Dkt. No. 158, the "May 1 Order").

Sussman seeks a stay until Sussman obtains a ruling on its Rule 72(a) Objections which were filed on September 4. Respectfully, the Order Denying a Stay overlooks the significance of this Court's order of February 25, 2026 (Dkt. No. 141, the "February 25 Order"). The Order Denying a Stay also overlooks this Court's Order that Sussman could not challenge the May 1 Order except on the limited ground of the reasonableness of the sanction sought.

The Order Denying a Stay relied primarily upon the failure of Sussman to timely object to the February 25 Order and the failure to object to the May 1 Order. As to the February 25 Order the Order Denying a Stay stated:

> [Sussman's Rule 72(a) Objection] is in reality an untimely objection to an even older discovery order, issued on February 25, 2026, compelling each party to produce some (but not all) of the discovery sought by its opponent, but not sanctioning either side. Neither party objected to 2/25 /26 Order under Rule 72(a). Consequently, Sussman cannot do so now (more than six months later) under the guise of seeking "offsetting" sanctions in connection with the 8/21 /26 Order

MEMO ENDORSED

Order Denying a Stay at 9.

Respectfully, the Court overlooked the fact that there was no reason for Sussman to object to the February 25 Order. Susman did not then and does not now seek unequal treatment on the imposition of sanctions. Instead Sussman has only sought for the Court to impose sanctions on both parties using the same standards for both parties. The February 25 Order did that and Sussman did not then and does not now find that approach objectionable.

The May 1 Order, however, changed the standards for applying sanctions. It held:

> When the district court grants a motion to compel discovery pursuant to Rule 37(a) (or the discovery is provided only after the motion is filed), the court "must, after giving an opportunity to be heard require the party . . . whose conduct necessitated the motions the party or attorney advising that conduct or both to pay the movants reasonable expenses incurred in making the motions, including attorney's fees" unless (among other things) the opposing party's "nondisclosures responses or objection was substantially justified." Fed. R. Civ. P. 3 7(a)(5 )(A). Likewise, when the district court grants a motion to enforce a prior discovery order pursuant to Rule 37(b)(2) it "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust)" Fed. R. Civ. P. 37(b) (2)(C). It is thus "generally appropriate at a minimum to require a party that has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party in seeking disclosure and [ ] in seeking discovery sanctions)."

May 1 Order at 2-3 (citations omitted).

The May 1 Order thus changed the rules for imposition of sanctions and applied that new rule only to Sussman and not to VWR. Sussman did find that disproportionate application of the new rule to be objectionable, but the May 1 Order did not allow Sussman to raise that objection. Instead, the May 1 Order expressly provided that "***Plaintiff may file a response to the application, <u>limited to the reasonableness</u> of the fees and expenses*** sought, no later than May 15, 2026." May 1 Order at 4.

In limiting Sussman's ability to respond, the May 1 Order also denied Sussman the opportunity to be heard, guaranteed by Rule 37, on the issues of substantial justification and the unjustness of imposing a sanction on Sussman. The Sanction Order thus failed to address the "substantial justification" for the failure to produce that would negate the propriety of a monetary sanctions under Rule 37(a)(5)(A) (ii) and (iii).

While there were some questions about Sussmans' failures to produce, to the extent that there were such failures, the February 25 Order can only be read to have concluded that any such failures were either "substantially justified," or there were other reasons why imposition of

sanctions on Sussman would be unjust. As the Order Denying a Stay notes, VWR did not object to the February 25 Order, but later sought sanctions against Sussman for essentially the same discovery failures that were "excused" in the February 25 Order.[1] The issues of substantial justification or the unjustness of sanctions go directly to the likelihood of success of Sussman's Rule 72(a) Objections.

Further, the May 1 Order on the limitation on Sussman's ability to respond denied Sussman the right to object to the denial of sanctions against VWR for its failure to produce many hundreds of pages of communications between VWR and the Department of Justice. This Court's May 1 Order quoted above announced an approach to sanctions under Rule 37 that are equally applicable to enforcing a sanction against VWR because of VWR's failure to produce those documents. (*see* February 25 Order). Under the law established by the Sanction Order, therefore, Sussman is clearly entitled to sanctions from VWR for VWR's failure to produce those important documents that go to the heart of Plaintiff's case. The failure to impose sanctions against VWR and offset those sanctions against the sanctions imposed against Sussman also go to Sussman's likelihood of success on its Rule 72(a) Objections.

For all of the above reasons, Sussman respectfully request the Court to reconsider its September 15 ruling and grant a stay of the payment of sanction by Sussman until Judge Swain rules on Sussman's Rule 72(a) Objections.

Respectfully,

/s/ Max Folkenflik

cc:Emily Seiderman West, Esq. (*via ECF)*
Eva-Marie Gherladi (*via ECF)*
Kan M. Nawaday, Esq. (*via ECF*)

---

[1] As the Order Denying a Stay noted, shortly after this Court established the new sanction standard on May 1, Sussman moved for an award of sanctions against VWR because of its failure to produce the DOJ-related documents until this Court directed it to do so in the February 25 Order. *See* Dkt. No. 170 at 2. "On June 11, 2026, I denied that motion, seeing 'no reason to revisit any aspect of the 2/25 /26 Order now.'" Order Denying a Stay, p.9, n. 5, *citing,* 6/11/25 Order (Dkt. No.178 at 2). We respectfully submit that this Court did revisit and altered the ruling in the February 25 Order when it found no "substantial justification" and imposed sanctions on Sussman.